# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE
## MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION

| | |
|---|---|
| John W. Manley, #128194,<br>Petitioner | )<br>)<br>) |
| versus | )    Case No. 2:06-CV-0038-WKW |
| Ralph Hooks, et al.,<br>Respondent | )<br>)<br>) |

# RESPONSE TO COURT ORDER DATED JANUARY 20, 2006
# FOR AMENDING THE PETITION

1.)    Manley raises the same ground and claims raised in the State Court.

**Ground:**    The court was without jurisdiction to render judgment or to impose sentence.

**Claim one:** Manley claims He was deprived of his right to counsel in each case at sentencing. Manley bases this claim on the fact that counsel was present during the guilty but absent during sentencing on a different date for each offense. See case action summary sheet notations. Also <u>McIntyre v. State</u>, 48 Ala. App 626, 266 So.2d 837 (1972). Held that due process required representation by counsel at sentencing. Also see <u>Mempha v. Rhay</u>, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed. 2d 336 (1967). Manley did not waive his right to counsel therefore he is due a new sentence hearing.

2.) **Claim Two:** Manley claims his Theft of Property convictions are due to be vacated because they arose out of the same conduct as his Burglary convictions in violation of double jeopardy. The same property intended to be stolen in each Burglary indictment is the same property intended and stolen for each theft of property indictment.

3.) **Claim Three:** Manley claims his Burglary in the third degree indictment is due to be dismissed for failing to charge an offense (CC-82-205-TH) because the corresponding Theft of Property first degree indictment (CC-82-206-TH) concludes that Manley was armed inside the building therefore the Burglary in the second degree statute preempts the Burglary in the third degree indictment and conviction because Manley was armed with a deadly weapon. See U.S. v. Tomeny, 144 F 3d 749, 751 (11th Cir. 1998),

"Defendant's claim that charging statute was preempted by another statute, preventing indictment from charging offense was jurisdiction and therefore not waived by defendant's guilty plea."

Manley's Burglary in the third degree indictment is due to be vacated.

4.) Attached hereto is a copy of Manley's A.D.O.C. Time Sheet that shows all of his convictions challenged and presently incarcerated for. Manley is not presently incarcerated for any of the convictions challenged but each of these convictions was used to sentence him under the Habitual Felony Offender Act for each of his present convictions.

5.) Manley has Life Without Parole for Burglary first (CC-87-493) and has a Life Sentence for each offense listed thereafter.

6.) If by chance, this is insufficient information, please inform Manley of what is insufficient and give him a chance to correct or add for making this response sufficient.

# CERTIFICATE OF SERVICE

On January 30th, 2006, Manley has served a copy of the forgoing upon the Attorney General, 11 South Union St., Montgomery, Alabama 36130-0152 by placing a copy in the U.S. Mail first class postage prepaid.

Respectfully Submitted,

*John W. Manley*

John W. Manley, #128194
1000 St. Clair Rd.   G-2-D-240
Springville, Alabama   USA
35146-5582

**Attachment:** A.D.O.C. Time Sheet