IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOHN W. MANLEY,                    )
                                   )
        PETITIONER,                )
                                   )
                                   )    NO. 2:06-CV-0038-WKW
v.                                 )
                                   )
RALPH HOOKS, *et. al.*,            )
                                   )
        RESPONDENTS.               )

## RESPONDENTS' ANSWER

Come now the respondents in the above-styled cause, by and through the

Attorney General for the State of Alabama, and, in response to this Honorable

Court's order to show cause why a writ of habeas corpus should not be granted,

state as follows:

1. John W. Manley attacks his February 25, 1982, Montgomery County

convictions for two counts of first-degree burglary, eight counts of second-degree

theft of property, and six counts of third-degree burglary and his resulting ten

years' imprisonment for each conviction. Manley challenges his convictions on

three grounds:

   a. Manley was denied appointed counsel at sentencing;

b. His theft of property convictions are in violation of the Double Jeopardy Clause because the arose from the same conduct as his burglary convictions; and,

c. His third-degree burglary indictment was preempted by the second-degree burglary statute.

2. This Court's show cause order noted that though Manley was not currently in custody on the 1982 convictions challenged in his petition as required by Title 28 U.S.C. § 2241, this Court found the exception that a petitioner may challenge an enhanced sentence on the basis that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment was applicable.

3. The respondents aver that Manley's petition should be denied and dismissed with prejudice because his claims are barred by the statute of limitation and are procedurally defaulted.[1]

4. The respondents aver that, by asserting the defenses of statute of limitation and procedural default, they do not waive the future assertion of other applicable defenses such as lack of federal question and lack of merit.

---

[1] An answer alleging the defense of statute of limitation and procedural default constitutes an answer on the merits. *See* Altman v. Benik, 337 F. 3d 764, 766 (7th Cir. 2003); Day v. Crosby, 391 F. 3d 1192, 1194 (11th Cir. 2004); Hawkins v. Evans, 64 F. 3d 543, 547 (10th Cir. 1995); Harvey v. Horan, 278 F. 3d 370, 379 (4th Cir. 2002).

# PROCEDURAL HISTORY

## A. Trial Proceedings and Direct Appeal

Following indictments of three counts of first-degree burglary, six counts of

third-degree burglary, eight counts of first-degree theft of property, and one count

of second-degree theft of property, on February 5, 1982, Manley pleaded guilty to

two counts of first-degree burglary in violation of Section 13A-7-5 of the Code of

Alabama (1975), six counts of third-degree burglary in violation of Section 13A-7-

7 of the Code of Alabama (1975), and eight counts of first-degree theft of property

in violation of Section 13A-8-3 of the Code of Alabama (1975).  (Exhibit A, pgs.

33-105)  The trial court sentenced Manley to serve ten years' imprisonment for

each count.  (Exhibit A, pgs. 33-105)  Manley did not appeal his convictions.

(Exhibit A, pgs. 33-105; Exhibit J)

## B. Postconviction Relief

On May 13, 2004, Manley filed a Rule 32 postconviction petition in the

Montgomery County Circuit Court raising the following claims:

> (1)  the trial court was without jurisdiction to render judgment or
> impose sentence;
>
> (2)  Manley was charged separate offenses for a single transaction
> because his theft of property conviction were based on the same
> property intended and stolen in the burglary convictions;

(3) Manley's conspiracy to commit burglary conviction was not a lesser included of the first-degree burglary charge;

(4) first-degree burglary preempts indictments and subsequent convictions of third-degree burglary; and,

(5) Manley was coerced into pleading guilty because the State threatened to have his sentences run consecutively rather than concurrently.

(Exhibit A, pgs. 28-29) The State filed a response to Manley's petition on July 20, 2004. (Exhibit A, pgs. 108-10) On July 27, 2004, Judge William A. Shashy denied Manley's petition in a written order finding Manley's claims were not specifically pleaded as required by Rule 32.6(b) of the Alabama Rules of Criminal Procedure and were without merit. (Exhibit A, pgs. 111-13)

Manley appealed, raising five issues:

(1) the trial court was without jurisdiction to render judgment because Manley was deprived of the right to counsel at arraignment;

(2) the theft of property convictions should be vacated because they are elements of the burglary convictions;

(3) conspiracy to commit burglary is not a lesser included offense of burglary in the first degree;

(4) the third-degree burglary indictments and convictions should be vacated because undisputed facts establish Manley was armed with a shotgun in the victims' dwelling;

(5) each of his convictions should be vacated if one or some of his convictions are vacated; and,

(6) the trial court abused its discretion by denying his Rule 32 petition.

(Exhibit B)  On September 24, 2004, the State filed a Motion to Reverse and Remand for Dismissal Without Prejudice.  (Exhibit C)

On September 27, 2004, the Alabama Court of Criminal Appeals issued a written order reversing and remanding Manley petition for the trial court to set aside its order summarily denying the petition and to dismiss the petition without prejudice.  (Exhibit D)  The Alabama Court of Criminal Appeals issued a certificate of judgment on September 27, 2004.  (Exhibit E)

On October 4, 2004, Manley filed his second Rule 32 postconviction petition alleging that:

(1)  the trial court was without jurisdiction to render judgment or impose sentence;

(2)  Manley was deprived his right to counsel at arraignment;

(3)  Manley was charged separate offenses for a single transaction because his theft of property conviction were based on the same property intended and stolen in the burglary convictions;

(3)  first-degree burglary preempts indictments and subsequent convictions of third-degree burglary; and,

(4)  Manley was coerced to plead guilty because the State threatened to have his sentences run consecutively rather than concurrently.

(Exhibit F, pgs. 25, 28-29)  The State responded to Manley's petition on December 6, 2004.  (Exhibit F, pgs. 32-34)  Judge William Shashy summarily dismissed

Manley's petition in a written order filed on December 12, 2004. (Exhibit F, pgs.

36-37)

Manley appealed, raising the following issues:

(1) the trial court abused its discretion by denying Manley's second Rule 32 petition without an evidentiary hearing;

(2) Manley's second petition was not successive because the trial court did not have jurisdiction to hear and determine the merits of the first petition;

(3) Manley's theft of property convictions are due to be vacated because they arose from the same conduct and therefore are elements of the burglary convictions;

(4) Manley's third-degree burglary indictment and subsequent conviction in case numbered CC-82-205 should be vacated because the offense of first-degree burglary preempts the indictment and conviction;

(5) Manley's convictions and subsequent sentences should be withdrawn if one or some of the convictions are vacated because the new relief would change the intent and purpose of Manley's desire to plead guilty; and,

(6) Manley was deprived the right to counsel at sentencing.

(Exhibit G) The State filed its response on March 3, 2005. (Exhibit H)

On April 22, 2005, the Alabama Court of Criminal Appeals issued a written

memorandum opinion affirming the trial court's decision to deny Manley

postconviction relief finding that:

(1) the record affirmatively showed that Manley was represented at arraignment;

(2)  the issue of whether he had appointed counsel at sentencing was not properly before the court because it was raised for the first time on appeal;

(3)  Manley's claim that the trial court was without jurisdiction to render judgment or impose sentence was without merit because a defendant may be convicted for both burglary and theft where the crime arose out of the same transaction and that a court may sentence a defendant for burglary and theft if the sentences are made concurrent as in Manley's case;

(4)  Manley's contention that the trial court was without jurisdiction to render judgment or impose sentence because the burglary conviction was preempted by the indictment for burglary in the first degree was a nonjurisdictional challenge to the State's evidence and procedurally pursuant to Rule 32.2(a)(3) and (5) of the Alabama Rules of Criminal Procedure because it was not raised at his guilty plea or on direct appeal;

(5)  Manley's contention that his guilty pleas were coerced with a threat that all of his sentences would run concurrently failed to meet his burden of pleading sufficient facts that would entitle him to relief pursuant Rule 32.3 and 32.6(b) of the Alabama Rules of Criminal Procedure. The contention was time-barred pursuant to Rule 32.2(c) of the Alabama Rules of Criminal Procedure; and,

(6)  Because the issues raised in Manley's petition were precluded or without merit, the trial court properly denied his petition without conducting an evidentiary hearing.

(Exhibit J)

Manley's application for rehearing was overruled by the Alabama Court of Criminal Appeals on May 13, 2005.  (Exhibit L)  Manley's petition for writ of certiorari was denied without opinion on December 9, 2005 by the Supreme Court

of Alabama.  (Exhibit N)  The Supreme Court of Alabama issued a certificate of

judgment on December 9, 2005. (Exhibit O)

### C. Federal Habeas Petition

Manley filed the present federal habeas petition, his first, on December 27,

2005.[2]  He raises the following grounds in this petition:

a.  Manley was denied appointed counsel at sentencing;

b.  His theft of property convictions are in violation of the Double
Jeopardy Clause because the arise out of the same conduct as his
burglary convictions; and,

c.  His third-degree burglary indictment was preempted by the second-
degree burglary statute.

(Manley's petition, attached)  Respondents now file this answer in response.

### STATUTE OF LIMITATION

On April 24, 1996, a one-year limitation period became effective to file

federal habeas petitions under the Antiterrorism and Effective Death Penalty Act

("AEDPA").  *See* Title 28 U.S.C. § 2244(d)(1).  *See also* <u>Pruitt v. United States</u>,

---

[2] This is the date Manley's petition is signed.  *See* <u>Houston v. Lack</u>, 487 U.S. 266
(1988).

274 F. 3d 1315, 1317 (11th Cir. 2001); Helton v. Secretary for Dept. of Corrections, 259 F. 3d 1310, 1312-13 (11th Cir. 2001). Manley's convictions became final on April 30, 1982, forty-two days after sentencing. *See* Ala. R. App. Pro. 4(b)(1). When prisoners are convicted before the AEDPA's enactment, the one-year limitation period begins to run on April 24, 1996 and the deadline for filing is April 24, 1997. Pruitt, 274 F. 3d at 1317; Helton, 259 F. 3d at 1312-13. Because Manley was sentenced in 1982, the statute of limitation began to run on April 24, 1996, giving him until April 24, 1997 to file the present petition. As he filed the present petition on December 27, 2005, and he has filed no timely postconviction petition that tolled the running of the statute of limitation, he has failed to present his claim within one year and this petition is barred by the statute of limitation.[3]

## EXHAUSTION

Manley's claims have been presented to the state courts and, therefore, for purposes of federal habeas, have been exhausted.

---

[3] Both of Manley's postconviction petitions were filed well outside the two-year statute of limitation period pursuant to Rule 32.2(c) of the Alabama Rules of Criminal Procedure.

## ARGUMENT

### A. Procedural Default

When a "state habeas corpus petitioner [] fails to raise his federal claims

properly in state court" he is "procedurally barred from pursuing the same claim in

federal court absent a showing of cause for and actual prejudice from the default."

Bailey v. Nagle, 172 F. 3d 1299, 1302 (11th Cir. 1999).  Procedural default may

arise either "where the state court correctly applies a procedural default principle of

state law to arrive at the conclusion that the petitioner's federal claims are barred"

or when "the petitioner simply never raised a claim in state court" and the

"unexhausted claim would now be procedurally barred due state-law procedural

default."  Id. at 1302-03.

In his petition, Manley raises two issues to which the state court applied

procedural default principles of state law: (1) He was denied appointed counsel at

sentencing, and (2) the first-degree burglary statute preempts his indictments and

subsequent sentences for third-degree burglary.  The Alabama Court of Criminal

Appeals held that its April 22, 2005 opinion that Manley's first contention - he was

denied appointed counsel at sentencing - was raised for the first time on appeal of

the denial of his Rule 32 petition.  (Exhibit J)  It is a well established rule that

Alabama appellate courts will not review an issue raised for the first time on

appeal.  See Ex parte Coulliette, 857 So. 2d 793, 794 (Ala. 2003) ("An issue raised

for the first time on appeal is not subject to appellate review because it has not been properly preserved and presented."); Neal v. Neal, 856 So. 2d 766, 778 (Ala. 2002) ("The function of an appeal is to obtain judicial review of the adverse rulings of a lower court; thus, it is a well-settled rule that an appellate court's review is limited to only those issues that were raised before the trial court. Issues raised for the first time on appeal cannot be considered.").  The court further held that Manley's contention that his third-degree burglary convictions were preempted by the indictments for first-degree burglary was procedurally barred pursuant to Rule 32.2(a)(3) and (5) of the Alabama Rules of Criminal Procedure. Alabama Rule of Criminal Procedure 32.2 (a) (3) and (5) bar a petitioner from raising an issue in the Rule 32 petition that was not raised at the guilty plea proceedings or on direct appeal.  Thus, both issues were denied appellate review based on adequate and independent state procedural grounds and Manley is not entitled to relief.

Moreover, Manley has not alleged or proved cause and prejudice for the default or established his actual innocence.  *See* Smith v. Jones, 256 F. 3d 1135, 1138 (11th Cir. 2001); Henderson v. Campbell, 353 F. 3d 880, 892 (11th Cir. 2003).  Therefore, until Manley establishes either cause and prejudice or that a fundamental miscarriage of justice will result if his claims are not considered by

11

this Court; these claims are due no further review or relief in this Court. *See* <u>Jones</u>

<u>v. White</u>, 992 F. 2d 1548 (11th Cir. 1993).

## B. Issue Adjudicated On The Merits

After the AEDPA's enactment, this Court ceased conducting an independent

review of claims raised by petitioner that have been adjudicated on the merits by

state courts. *See* <u>Breedlove v. Moore</u>, 279 F. 3d 952, 960 (11th Cir. 2002). Rather,

Title 28 U.S.C. § 2254(d)(1) governs federal habeas review of such claims. <u>Id</u>.

> An application for a writ of habeas corpus…shall not be granted with respect to any claim that was adjudicated on the merits in State Court…unless adjudication of the claim - -
>
>   (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

>   [This Court's] review of findings of fact by the state court is even more deferential than under a clearly erroneous standard of review. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."
>
>   Our review of legal conclusions by the state courts is also especially deferential. A state court decision is contrary to the clearly established precedent of the Supreme Court "(1) if the state court

applies a rule that contradicts the governing law as set forth in Supreme Court case law, or (2) if the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent." An unreasonable application of federal law occurs when the state court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context."

Under the unreasonable application clause of section 2254(d), a federal habeas court may not issue the writ on the ground that, in its independent judgment, the state court applied federal law incorrectly. This clause imposes a " 'highly deferential standard for evaluating state-court rulings,' which demands that state-court decisions be given the benefit of the doubt." The habeas applicant must show that the state court applied federal law to the facts of his case in an objectively unreasonable manner. An "unreasonable application of federal law is different from an incorrect application of federal law." Even clear error, standing alone, is not a ground for awarding habeas relief.

Stephens v. Hall, 407 F. 3d 1195 (2005), 1201-1202 (11th Cir. 2005). (internal citations omitted).

For Manley to be entitled to any relief on federal habeas, he must show that the state court's decision was an unreasonable application of, or contrary to, established federal law. *See* Henderson v. Campbell, 353 F. 3d 880, 890 (11th Cir. 2003). Manley has failed to do this. His petition is devoid of any allegation that the state courts' decisions were an unreasonable application of, or contrary to, any established federal law. Manley does not even cite any federal law in his petition.

13

Likewise, he has also failed to show that the state court's application of the law to the facts was unreasonable.  Thus, Manley is due no relief on his claim.

## CONCLUSION

For the above-stated reasons, this Court should dismiss Manley's petition with prejudice.

Respectfully submitted,

Troy King (KIN047)
Attorney General
By:


s/Audrey Jordan
Audrey Jordan
Assistant Attorney General

14

## EXHIBIT LIST

Exhibit A - Copy of the record  in Manley's Rule 32 proceeding (1 volume).
CC-82-195.60 through 82-207.60, CC-82-209.60, CC-82-210.60;
CR-03-1905;


Exhibit B - Copy of Manley's appeal brief in his Rule 32 proceeding.
CC-82-195.60 through 82-207.60, CC-82-209.60, CC-82-210.60;
CR-03-1905;


Exhibit C - Copy of the State's response in Manley's Rule 32 proceeding.
CC-82-195.60 through 82-207.60, CC-82-209.60, CC-82-210.60;
CR-03-1905


Exhibit D - Copy of the Alabama Court of Criminal Appeal's order issued on
September 27, 2004. CC-82-195.60 through 82-207.60,
CC-82-209.60, CC-82-210.60; CR-03-1905


Exhibit E - Copy of the certificate of judgment issued on September 27, 2004 in
Manley's Rule 32 proceeding. CC-82-195.60 through 82-207.60, CC-
82-209.60, CC-82-210.60; CR-03-1905


Exhibit F - Copy of the record in Manley's Rule 32 proceeding (1 volume).
CC-82-193.61through CC-80-207.61, CC-82-209.61, CC-82-210.61;
CR-04-0570;


Exhibit G - Copy of Manley's appeal brief in his Rule 32 proceeding.
CC-82-193.61 through CC-80-207.61, CC-82-209.61, CC-82-210.61;
CR-04-0570;


Exhibit H - Copy of the State's brief in Manley's Rule 32 proceeding.
CC-82-193.61 through CC-80-207.61, CC-82-209.61, CC-82-210.61;
CR-04-0570;

15

Exhibit I  -  Copy of Manley's reply brief in his Rule 32 proceeding. CC-82-193.61
                through CC-80-207.61, CC-82-209.61, CC-82-210.61; CR-04-0570;


Exhibit J  -  Copy of the Alabama Court of Criminal Appeals' written
                memorandum opinion issued on April 22, 2005. CC-82-193.61
                through CC-80-207.61, CC-82-209.61, CC-82-210.61; CR-04-0570;


Exhibit K  -  Copy of Manley's application for rehearing. CC-82-193.61 through
                CC-80-207.61, CC-82-209.61, CC-82-210.61; CR-04-0570;


Exhibit L  -  Copy of notice by the Alabama Court of Criminal Appeals that
                Manley's application for rehearing was overruled. CC-82-193.61
                through CC-80-207.61, CC-82-209.61, CC-82-210.61; CR-04-0570;


Exhibit M  -  Copy of Manley's petition for writ of certiorari. CC-82-193.61
                through CC-80-207.61, CC-82-209.61, CC-82-210.61; CR-04-0570;
                No. 1041268


Exhibit N  -  Copy of the an order by the Alabama Supreme Court denying
                Manley's petition for writ of certiorari. CC-82-193.61 through
                CC-80-207.61, CC-82-209.61, CC-82-210.61; CR-04-0570;
                No. 1041268


Exhibit O  -  Copy of the certificate of judgment issued in Manley's Rule 32
                proceeding. CC-82-193.61 through CC-80-207.61, CC-82-209.61,
                CC-82-210.61; CR-04-0570; No. 1041268

**CERTIFICATE OF SERVICE**

I hereby certify that on this <u>3rd</u> day of March, 2006, I electronically filed the

foregoing (including exhibits) with the Clerk of the Court using the CM/ECF

system and I hereby certify that I have mailed by United States Postal Service the

document (including exhibits) to the following non-CM/ECF participants: <u>John</u>

<u>W. Manley, AIS # 128194, St. Clair Correctional Facility, 1000 St. Clair Road,</u>

<u>Springville, Alabama  35146-5582</u>.

<div style="margin-left: 40%;">

Respectfully submitted,

s/Audrey Jordan
Audrey Jordan
Office of the Attorney General
Alabama State House
11 South Union
Montgomery, AL  36130-0152
Telephone:  (334) 242-7300
Fax:  (334) 242-2848
E-Mail:  AJordan@ago.state.al.us

</div>

100014

17