# COURT OF CRIMINAL APPEALS
## STATE OF ALABAMA

Lane W. Mann
  Clerk
Sonja McKnight
  Assistant Clerk



P. O. Box 301555
Montgomery, AL 36130-1555
(334) 242-4590
Fax (334) 242-4689

September 8, 2004

### CR-03-1905

John Manley v. State of Alabama  (Appeal from Montgomery  Circuit Court: CC82-193.60 through CC82-207.60; CC82-209.60; CC82-210.60)

## NOTICE

You are hereby notified of the following action in the above cause:

The Appellant's pro se brief was filed on September 8, 2004.  Because the Appellant utilized the alternative means of service to serve the Attorney General with a copy of his/her brief, the Appellee's brief is due to be filed and served by September 30, 2004.

 

**Lane W. Mann, Clerk**
**Court of Criminal Appeals**

cc:  John Manley, Pro Se
     Office of Attorney General



EXHIBIT B

# IN THE ALABAMA COURT OF CRIMINAL APPEALS

CASE NO: CR-03-1905

JOHN MANLEY,
PETITIONER/APPELLANT, pro se,

versus

STATE OF ALABAMA,
RESPONDENT/APPELLEE.

FILED
SEP - 8 2004
CLERK
ALA COURT CRIMINAL APPEALS

DENIAL OF RULE 32 PETITION BY JUDGE SHASHY IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA. CASE NUMBERS CC-82-195.60 THRU CC-82-207.60 AND CC-82-209.60 AND CC-82-210.60.

## BRIEF AND ARGUMENT OF APPELLANT

BY:

JOHN MANLEY
1000 ST. CLAIR RD.
#128194 (R1-116)
SPRINGVILLE, AL  USA
35146-5582

PREPARED BY:

HENRY NEAL FERGUSON III,
BY MANLEY'S DIRECTION.

i

# TABLE OF CONTENTS

                                                                          **PAGES**

TABLE OF CONTENTS..................................................................ii

TABLE OF AUTHORITIES............................................................ii

STATEMENT OF CASE..................................................................1

ISSUE PRESENTED FO REVIEW....................................................1

STATEMENT OF FACTS................................................................1

STANDARD OF REVIEW................................................................2

SUMMARY OF ARGUMENTS........................................................2

ARGUMENT ONE........................................................................3-4

ARGUMENT TWO.......................................................................5-7

ARGUMENT THREE......................................................................8

ARGUMENT FOUR........................................................................9

ARGUMENT FIVE........................................................................10

CONCLUSION.............................................................................11

CERTIFICATE OF SERVICE........................................................11 End

# TABLE OF AUTHORITIES

Weakly v. State. 721 So2d 233 (Ala. Crim. App. 1997)......................3

13A-1-8, Alabama Criminal Code 1975...................................5 and 8

13A-1-9, Alabama Criminal Code 1975...................................5 and 8

13A-7-5, Alabama Criminal Code 1975..............................................9

13A-7-7, Alabama Criminal Code 1975..............................................9

U.S. Constitution, 14th Amendment..........................................9 and 10

State of Alabama Constitution 1901, Article 1, Section 6. ........9 and 10

## STATEMENT OF CASE

MANLEY PROSECUTED A RULE 32 POST CONVICTION PETITION IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA CHALLENGING THE COURT'S JURISDICTION TO RENDER JUDGMENT OR TO IMPOSE SENTENCE. C.R. 18-105. CIRCUIT JUDGE SHASHY ORDERED THE STATE TO RESPOND. C.R. 106. THE RESPONDENT ANSWERED MANLEY'S PETITION FOR RELIEF OF CONVICTION AND SENTENCE. C.R. 108-110. THE COURT DENIED MANLEY'S PETITION FOR RELIEF OF CONVICTION AND SENTENCE. C.R. 111-113. MANLEY FILED TIMELY NOTICE OF APPEAL C.R. 114-121.

## ISSUE PRESENTED FOR REVIEW

DID THE TRIAL COURT ABUSE IT'S DISCRETION BY DENYING MANLEY'S RULE 32 PETITION?

## STATEMENT OF FACTS

IT IS A FACT, THE CIRCUIT COURT JUDGE TOOK JUDICIAL NOTICE OF IT'S OWN RECORDS, AND CONSIDERED MANLEY'S RULE 32 POST CONVICTION PETITION, AND THE STATE'S ANSWER FILED SUBSEQUENT TO THE PETITION BEFORE DENYING THE PETITION.

IT IS A FACT, THE COURT FOUND THE DEFENDANT IN THIS CASE PLED GUILTY TO 3 COUNTS OF BURGLARY 1, 6 COUNTS OF BURGLARY III, AND 8 COUNTS OF THEFT OF PROPERTY 1 ON FEBRUARY 25, 1982. THIS COURT SENTENCED THE PETITIONER TO 10 YEARS IN THE PENITENTIARY ON EACH CASE RUNNING CONCURRENTLY. C.R. 111.

## STANDARD OF REVIEW

APPELLATE COURTS REVIEW A TRIAL COURTS DENIAL OF A RULE 32 POST CONVICTION PETITION FOR RELIEF OF CONVICTION AND SENTENCE UNDER A ABUSE OF DISCRETION STANDARD AND APPELLATE COURTS REVIEW QUESTIONS OF LAW DENOVO.

## SUMMARY OF ARGUMENTS

1. THE COURT WAS WITHOUT JURISDICTION TO RENDER JUDGMENT BECAUSE THE APPELLANT WAS DEPRIVED OF THE RIGHT TO COUNSEL AT ARRAIGNMENT.

2. APPELLANTS THEFT OF PROPERTY CONVICTIONS ARE DUE TO BE VACATED BECAUSE THEY ARE ELEMENTS OF THE BURGLARY CONVICTIONS.

3. CONSPIRACY TO COMMIT BURGLARY IS NOT A LESSER INCLUDED OFFENSE OF BURGLARY IN THE FIRST DEGREE WHERE THE ORIGINAL INDICTMENT AVERS NO ACCOMPLICE OR A COCONSPIRATOR OTHERWISE UNKNOWN TO THE GRAND JURY.

4. MANLEY'S BURGLARY IN THE THIRD DEGREE INDICTMENT AND CONVICTION IS DUE TO BE VACATED WHEN THE UNDISPUTED FACTS ESTABLISHES MANLEY WAS ARMED WITH A SHOTGUN IN THE VICTIM'S DWELLING THUS THE OFFENSE OF BURGLARY IN THE FIRST DEGREE PREEMPTS THIS INDICTMENT AND CONVICTION.

5. EACH AND ALL OF MANLEY'S GUILTY PLEA CONVICTIONS AND SENTENCES IS DUE TO BE WITHDRAWN IF ONE OR SOME CONVICTIONS AND SENTENCES ARE VACATED BECAUSE THIS NEW RELIEF CHANGES THE INTENT AND PURPOSE OF MANLEY DESIRING TO PLEAD GUILTY.

# ARGUMENT ONE

APPELLANT CLAIMS THE COURT WAS WITHOUT JURISDICTION TO RENDER JUDGMENT OR TO IMPOSE SENTENCE BECAUSE THE PETITIONER WAS DEPRIVED OF THE RIGHT TO COUNSEL AT ARRAIGNMENT.

APPELLANT MAKES THIS CLAIM PURSUANT TO <u>WEAKLY V. STATE</u>, 721 So.2d 233 (ALA. CRIM. APP. 1997), "RIGHT TO COUNSEL AT ARRAIGNMENT IS JURISDICTIONAL ISSUE NOT SUBJECT TO WAIVER BY PLEA OF GUILTY."

THE TRIAL COURT FOUND IN EVERY CASE EXCEPT CC-82-208, IN WHICH THE STATE MADE A MOTION TO NOLLE PROS, THE CASE ACTION SUMMARY SHEETS CLEARLY NOTE: "DEFENDANT COMES INTO COURT WITH HIS ATTORNEY OF RECORD" ON FEBRUARY 25, 1982. FURTHER, THE CASE ACTION SUMMARIES ALSO SHOW THAT THE DEFENDANT'S ATTORNEY WAS CHARLES LAW. THEREFORE, THE PETITIONER HAS FAILED TO PROVE THAT HE WAS DEPRIVED OF THE RIGHT TO COUNSEL AT ARRAIGNMENT AND THE PETITIONER IS NOT ENTITLED TO ANY RELIEF ON THIS CLAIM. <u>C.R. 111-112.</u>

SPECIFICALLY, PRESIDING JUDGE THOMAS STATED ON EACH CASE ACTION SUMMARY SHEET ON 02-25-82, TO WIT; "DEFENDANT COMES INTO COURT WITH HIS ATTORNEY OF RECORD. THE COURT FULLY EXPLAINED DEFENDANTS CONSTITUTIONAL RIGHTS. THE DEFENDANT ENTERED A GUILTY PLEA TO _____?_____ AND THE COURT BEING OF THE OPINION THAT THE DEFENDANT FULLY UNDERSTANDS HIS RIGHTS, AND THAT HIS PLEA IS VOLUNTARILY AND KNOWINGLY ENTERED, THE COURT ACCEPTS HIS PLEA AND FINDS HIM GUILTY OF _____?_____ CASE IS CONTINUED TO MARCH 19 FOR SENTENCING AND PROBATION

DETERMINATION."

FURTHERMORE, IT SHOULD ALSO BE IMPORTANTLY NOTED, THAT THE FACE OF EACH CASE ACTION SUMMARY SHEETS OMIT ANY ARRAIGNMENT DATE. C.R. 30, 34, 38, 43, 47, 51, 55, 59, 63, 67, 71, 75, 79, 83, 87, 91, 98 AND 102.

MANLEY ARGUES THAT SINCE THE RECORD CLEARLY REFLECTS THAT NO ARRAIGNMENT WAS HAD ON SOME DATE AND THE RECORD ALSO OMITS THE DEFENDANT DID NOT WAIVE HIS ARRAIGNMENT THAT HE MUST HAVE BEEN DEPRIVED OF COUNSEL AT ARRAIGNMENT.

THE APPELLANT BELIEVES HIS CLAIM IS MERITORIOUS IN LAW AND FACT AND THIS CAUSE IS DUE TO BE REMANDED FOR AN EVIDENTIARY HEARING AND THE PLEA COLLOQUY TO BE TRANSCRIBED TO DETERMINE WHETHER OR NOT COUNSEL WAS PRESENT WITH DEFENDANT IF AN ARRAIGNMENT WAS HAD OR THAT COUNSEL WAS PRESENT WITH DEFENDANT IF AN ARRAIGNMENT WAS WAIVED SINCE THE CASE ACTION SUMMARY SHEETS OMIT THE JURISDICTION OF THE COURT REGARDING THIS MATTER.

CONCLUSIVELY, THE TRIAL COURT ABUSED IT'S DISCRETION WHEN IT DENIED THIS CLAIM BECAUSE THE RECORD OMITS COUNSEL WAS PRESENT WITH DEFENDANT AT ARRAIGNMENT OR AT WAIVER OF ARRAIGNMENT.

## ARGUMENT TWO

THE APPELLANT CLAIMS THAT HIS THEFT CONVICTIONS ARE DUE TO BE VACATED BECAUSE THE PROPERTY THAT WAS STOLEN CONSTITUTES AN ELEMENT OF HIS BURGLARY CONVICTIONS.

APPELLANT MAKES THIS CLAIM PURSUANT TO 13A-1-8 AND 13A-1-9 ALABAMA CRIMINAL CODE 1975.

THE COURT FOUND THE PETITIONER HAS FAILED TO DISCLOSE ANY FACTS AND A BARE ALLEGATION THAT A CONSTITUTIONAL RIGHT HAS BEEN VIOLATED IS NOT SUFFICIENT TO WARRANT ANY FURTHER PROCEEDINGS. C.R. 112.

IT IS A FACT, THE TRIAL COURT CONSIDERED THE RULE 32 PETITION FOR RELIEF OF CONVICTION AND SENTENCE WHICH INCLUDED COPIES OF THE INDICTMENTS FOR EACH CASE. FURTHERMORE, IT IS A FACT, THE COURT TOOK JUDICIAL NOTICE OF IT'S OWN RECORDS IN WHICH THE COURT'S RECORDS INCLUDE THE INDICTMENTS FOR EACH OF THE CASES.

MANLEY ARGUES THE TRIAL COURT ABUSED IT'S DISCRETION BY DENYING THIS CLAIM BECAUSE THE RECORD DOES DISCLOSE FACTS TO SUPPORT THIS CLAIM. THE APPELLANT POINTS OUT HIS INDICTMENTS FOR HIS BURGLARY INT FIRST DEGREE CONVICTION C.R. 32 AND HIS THEFT OF PROPERTY IN THE FIRST DEGREE CONVICTION C.R. 36 EACH HAVE THE SAME VICTIM, PROPERTY AND INTENDED CRIME.

LIKEWISE, THE APPELLANTS INDICTMENTS FOR HIS BURGLARY IN THE THIRD DEGREE CONVICTION C.R. 40 AND HIS THEFT OF PROPERTY IN THE FIRST DEGREE CONVICTION C.R. 45 EACH HAVE THE SAME VICTIM, PROPERTY AND INTENDED CRIME.

THE APPELLANTS INDICTMENTS FOR HIS BURGLARY IN THE FIRST DEGREE CONVICTION C.R. 49 AND HIS THEFT OF PROPERTY IN THE FIRST DEGREE CONVICTION C.R. 53 EACH HAVE THE SAME VICTIM, PROPERTY AND INTENDED CRIME.

THE APPELLANTS INDICTMENTS FOR HIS BURGLARY IN THE THIRD DEGREE CONVICTION C.R. 57 AND HIS THEFT OF PROPERTY IN THE FIRST DEGREE CONVICTION C.R. 61. EACH HAVE THE SAME VICTIM, PROPERTY AND INTENDED CRIME.

THE APPELLANTS INDICTMENTS FOR HIS BURGLARY IN THE THIRD DEGREE CONVICTION C.R. 65 AND HIS THEFT OF PROPERTY IN THE FIRST DEGREE CONVICTION C.R. 73. EACH HAVE THE SAME VICTIM, PROPERTY AND INTENDED CRIME.

THE APPELLANTS INDICTMENTS FOR HIS BURGLARY IN THE THIRD DEGREE CONVICTION C.R. 75 AND HIS THEFT OF PROPERTY IN THE FIRST DEGREE CONVICTION C.R. 81. EACH HAVE THE SAME VICTIM, PROPERTY AND INTENDED CRIME.

THE APPELLANTS INDICTMENTS FOR HIS BURGLARY IN THE THIRD DEGREE CONVICTION C.R. 85 AND HIS THEFT OF PROPERTY IN THE FIRST DEGREE CONVICTION C.R. 89. EACH HAVE THE SAME VICTIM, PROPERTY AND INTENDED CRIME.

THE APPELLANTS INDICTMENTS FOR HIS BURGLARY IN THE FIRST DEGREE BUT CONSPIRACY TO COMMIT BURGLARY CONVICTION C.R. 93 AND HIS THEFT OF PROPERTY IN THE SECOND DEGREE CONVICTION C.R. 96. EACH HAVE THE SAME VICTIM, PROPERTY AND INTENDED CRIME.

THE APPELLANTS INDICTMENTS FOR HIS BURGLARY IN THE THIRD DEGREE CONVICTION C.R. 100 AND HIS THEFT OF PROPERTY IN THE FIRST DEGREE CONVICTION C.R. 104. EACH HAVE THE SAME VICTIM, PROPERTY AND INTENDED CRIME.

THE APPELLANT BELIEVES THIS CLAIM IS MERITORIOUS IN LAW AND FACT AND THIS CAUSE IS DUE TO BE REMANDED FOR AN EVIDENTIARY HEARING AND THE COLLOQUY TO BE TRANSCRIBED TO DETERMINE THE NATURE AND CAUSE OF THE FACTUAL BASIS ADMITTED BY MANLEY'S PLEA OF GUILT FOR DETERMINING WHETHER OR NOT THE BURGLARY OR THE THEFT CONVICTIONS SHOULD BE UPHELD BUT AS IT STANDS NOW, WITHOUT A FACTUAL BASIS, ATLEAST THE THEFTS ARE DUE TO BE VACATED BECAUSE THESE CONSUMMATED ACTS PROCEED AFTER THE BURGLARY'S.

CONCLUSIVELY, MANLEY'S GUILTY PLEAS FOR THESE CONVICTIONS ARE ALL DUE TO BE VACATED WITHOUT A FACTUAL BASIS EXISTING IN THE COLLOQUY ESTABLISHING PROOF OF UNLAWFUL ENTRY OR POSSESSION IN AN ORDERLY AND TIMELY MANNER FOR THE COURT TO DETERMINE WHICH ACTS WAS FIRST COMMITTED BY MANLEY FOR THE COURT TO RENDER A PROPER JUDGMENT.

## ARGUMENT THREE

THE APPELLANT CLAIMS THAT HIS CONSPIRACY TO COMMIT BURGLARY CONVICTION IS DUE TO BE VACATED BECAUSE IT IS NOT A LESSER INCLUDED OFFENSE ENCOMPASSED IN THE INDICTMENT FOR FIRST DEGREE.

APPELLANT MAKES THIS CLAIM PURSUANT TO 13A-1-8 AND 13A-1-9 ALABAMA CRIMINAL CODE 1975.

THE COURT FOUND THIS NOT TO BE REALLY AN ARGUMENT REGARDING THE TRIAL COURT'S JURISDICTION BUT IS ONLY AN INSUFFICIENCY OF THE EVIDENCE CLAIM COUCHED IN JURISDICTIONAL LANGUAGE. THEREBY, THE COURT DISMISSED THE CLAIM BECAUSE THE APPELLANT MADE A BARE ALLEGATION AND FAILED TO DISCLOSE ANY FACTS IN SUPPORT OF HIS CLAIM.

THE APPELLANT BELIEVED THE FACE OF THE INDICTMENT C.R. 93 DISCLOSES THE NECESSARY FACTS BECAUSE IT OMITS ANY FACT MANLEY HAD AN ACCOMPLICE OR COCONSPIRATOR THAT HE ALLEGEDLY CONSPIRED WITH TO COMMIT A BURGLARY.

MANLEY ARGUES THAT CONSPIRACY TO COMMIT BURGLARY IS NOT AN OFFENSE INCLUDED IN HIS INDICTMENT BECAUSE HIS INDICTMENT FAILS TO AVER A NAMED ACCOMPLICE OR A COCONSPIRATOR OTHERWISE UNKNOWN TO THE GRAND JURY. THUS WHO HAS MANLEY CONSPIRED WITH FOR THE COURT TO RENDER JUDGMENT FOR CONSPIRACY TO COMMIT BURGLARY. MOREOVER, THE INDICTMENT CANNOT BE AMENDED TO CHARGE A NEW OFFENSE NOT CONTEMPLATED BY THE ORIGINAL INDICTMENT AND THE CASE ACTION SUMMARY SHEETS FOR THIS CASE FAIL TO STATE THE INDICTMENT WAS EVER AMENDED. C.R. 91 AND 92.

CONCLUSIVELY THIS CONVICTION IS DUE TO BE VACATED BECAUSE IT IS NOT A LESSER INCLUDED OFFENSE OF THE INDICTED OFFENSE..

## ARGUMENT FOUR

MANLEY CLAIMS HIS BURGLARY IN THE THIRD DEGREE INDICTMENT C.R. 85 IS DUE TO BE DISMISSED FOR FAILING TO CHARGE AN OFFENSE BECAUSE BASED ON THE FACTS OF THE THEFT OF PROPERTY IN THE FIRST DEGREE INDICTMENT C.R. 89 AND CONVICTION CONCLUDES THAT MANLEY WAS ARMED WHILE INSIDE THE BUILDING OF J. STREETER WIATT THEREFORE THE BURGLARY IN THE FIRST DEGREE STATUTE 13A-7-5 ALABAMA CRIMINAL CODE 1975 PREEMPTS THIS INDICTMENT AND CONVICTION.

THE COURT FOUND THE PETITIONER HAS FAILED TO ALLEGE ANY FACTS IN SUPPORT OF THIS CLAIM C.R. 113.

MANLEY ARGUES THAT HIS CONVICTIONS IS AN ADMISSION OF THE FACTS AVERRED IN THE INDICTMENTS. THEREFORE, A LEGAL IMPEDIMENT EXISTS BECAUSE WHEN A DANGEROUS INSTRUMENT OR A DEADLY WEAPON IS PART OF THE LOOT IN A BURGLARY THEN THE BURGLARY IS IN THE FIRST DEGREE AND NOT IN THE THIRD DEGREE. SEE 13A-7-7 ALABAMA CRIMINAL CODE 1975.

CONCLUSIVELY, THE COURT ABUSED ITS DISCRETION BY DENYING THIS CLAIM BECAUSE IT IS A FACT. THE THEFT OF PROPERTY IN THE FIRST DEGREE INDICTMENT AVERS MANLEY POSSESSED A SHOTGUN, AS PART OF THE LOOT, THEREFORE MANLEY MUST HAVE BEEN INDICTED FOR BURGLARY IN THE FIRST DEGREE AND NOT FOR BURGLARY IN THE THIRD DEGREE. SUBSTANTIAL STATE AND FEDERAL CONSTITUTIONAL DUE PROCESS OF LAW REQUIRE A PROPER INDICTMENT AND CONVICTION BASED ON THE FACTS OF AN ALLEGED ILLEGAL ACT IN VIOLATION OF LAW.

## ARGUMENT FIVE

MANLEY CLAIMS HE IS DUE TO WITHDRAW ALL HIS CONVICTIONS IF ONE OR MANY OTHER CONVICTION SIN THIS CONSOLIDATED CASE MATTER IS VACATED BECAUSE MANLEY WAS ONLY GUILTY OF SOME AND NOT ALL OF THE OFFENSES AND WAS PUSHED BY THE STATE TO PLEAD GUILTY TO ALL OF THE OFFENSES OR SUFFER CONVICTIONS AND SENTENCES RUNNING CONSECUTIVELY WHERE UPON ANY ONE OR MANY CONVICTIONS ARE VACATED THEN A LESSER CUMULATIVE SENTENCE WOULD BE IMPOSED THUS MANLEY WAS UNDER UNDUE THREAT AND COERCION.

THE TRIAL COURT DISMISSED THIS CLAIM BECAUSE THE PETITIONER HAS FAILED TO ALLEGE ANY FACTS IN SUPPORT OF THIS GROUND. C.R. 113.

MANLEY ARGUES THAT HAD THE TRIAL COURT HIS ILLEGAL CONVICTIONS AND SENTENCES AS COMPLAINED OF IN ARGUMENTS ONE THROUGH FOUR THEN ALL THE CONVICTIONS REMAINING MUST ALSO BE WITHDRAWN BECAUSE IT CHANGES THE LEGAL THREAT OF THE MAXIMUM SENTENCING THREATENED BY THE DISTRICT ATTORNEY TO AN ILLEGAL THREAT SINCE APPELLANT COULD NOT BE SENTENCED ANY TIME FOR AN ILLEGAL CONVICTION AND HAD NOT APPELLANT BEEN PUSHED BY THE STATE TO PLEADING GUILTY TO ILLEGAL INDICTMENTS AND CONVICTIONS FROM THE START THEN MANLEY WOULD HAVE DEMANDED A TRIAL BY JURY ON SOME OF THE CASES HE MAY HAVE BEEN INVOLVED IN.

CONCLUSIVELY, MANLEY BELIEVES DUE PROCESS OF LAW OF THE STATE AND FEDERAL CONSTITUTIONS PERMITS HIM TO WITHDRAW ALL OF HIS CONVICTIONS AND SENTENCES BASED ON THE RELIEF ON ONE OR SOME OF HIS CONVICTIONS AND SENTENCES.

## CONCLUSION

MANLEY BELIEVES THIS CAUSE IS DUE TO BE REVERSED AND REMANDED BACK TO THE TRIAL COURT WITH INSTRUCTIONS TO VACATE ALL HIS CONVICTIONS AND SENTENCES BASED ON THE RELIEF OF ANY ONE OF HIS CONVICTIONS AND SENTENCES SINCE THIS RESULT WOULD NEWLY CHANGE THE INTENT AND PURPOSE OF MANLEY DESIRING TO PLEAD GUILTY.

## CERTIFICATE OF SERVICE

I, JOHN MANLEY, DO HEREBY CERTIFY ON THIS __8th__ DAY OF __SEPTEMBER__, IN THE YEAR OF OUR LORD AND SAVIOUR, JESUS THE CHRIST, __2004__, SERVED TWO COPIES OF THE FORGOING UPON THE APPELLATE COURT CLERK FOR HIM TO PLACE A COPY OF THE SAME INTO THE ATTORNEY GENERAL'S MAILBOX.

RESPECTFULLY SUBMITTED,

_____
JOHN MANLEY