IN THE COURT OF CRIMINAL APPEALS OF ALABAMA

FILED
SEP 2 4 2004
CLERK
ALA COURT CRIMINAL APPEALS

John Manley, )
    Appellant, )
     )
vs. ) CR-03-1905
     )
STATE OF ALABAMA, )
    Appellee. )
     )

## MOTION TO REVERSE AND REMAND FOR DISMISSAL WITHOUT PREJUDICE

COMES NOW the Appellee by and through the Attorney General's office and moves this Honorable Court to reverse and remand the above stated case to the Circuit Court for dismissal without prejudice and, for grounds, state as follow:

### Facts and Procedural History

On February 5, 1982, the Montgomery County Grand Jury issued the following indictments against John Manley (hereinafter "Manley"):

```
1.   Burglary I              CC-82-193  (C. 30)
2.   Theft of Property I     CC-82-194  (C. 34)
3.   Burglary III            CC-82-195  (C. 38)
4.   Theft of Property I     CC-82-196  (C. 43)
5.   Burglary I              CC-82-197  (C. 47)
6.   Theft of Property I     CC-82-198  (C. 51)
7.   Burglary III            CC-82-199  (C. 55)
8.   Theft of Property I     CC-82-200  (C. 59)
9.   Burglary III            CC-82-201  (C. 63)
10.  Theft of Property I     CC-82-202  (C. 71)
```

EXHIBIT C

```
11.   Burglary III                CC-82-203 (C. 75)
12.   Theft of Property I         CC-82-204 (C. 79)
13.   Burglary III                CC-82-205 (C. 83)
14.   Theft of Property I         CC-82-206 (C. 87)
15.   Burglary I                  CC-82-207 (C. 91)
16.   Theft of Property III       CC-82-208 (C. 95)
17.   Burglary III                CC-82-209 (C. 98)
18.   Theft of Property I         CC-82-210 (C. 102)
```

On February 25, 1982, Manley pleaded guilty to the following charges:

```
1.    Burglary I                  CC-82-193(C. 30)
2.    Theft of Property I         CC-82-194(C. 34)
3.    Burglary III                CC-82-195(C. 38)
4.    Theft of Property I         CC-82-196(C. 43)
5.    Burglary I                  CC-82-197(C. 47)
6.    Theft of Property I         CC-82-198(C. 51)
7.    Burglary III                CC-82-199(C. 55)
8.    Theft of Property I         CC-82-200(C. 59)
9.    Burglary III                CC-82-201(C. 63)
10.   Theft of Property I         CC-82-202(C. 71)
11.   Burglary III                CC-82-203(C. 75)
12.   Theft of Property I         CC-82-204(C. 79)
13.   Burglary III                CC-82-205(C. 83)
14.   Theft of Property I         CC-82-206(C. 87)
15.   Burglary III                CC-82-203(C. 98)
16.   Theft of Property I         CC-82-210(C. 102)
```

On May 27, 1982, Manley pleaded guilty to conspiracy to commit burglary. (C. 91) Manley was sentenced to ten years' imprisonment for each conviction and the sentences all ran concurrently. (C. 35, 39, 44, 48, 52, 56, 60, 68, 72, 76, 80, 84, 88, 91, 99, 103)

On May 17, 2004, Manley filed his first Rule 32 petition. (C. 18)  In his first Rule 32 petition, Manley asserted that the trial court was without jurisdiction to impose a sentence in his case because: (1) he was deprived of an attorney at his arraignment; (2) conspiracy to commit burglary is not a lesser included offense of burglary in the first degree; (3) the indictment in case number CC-82-205 failed to charge an offense; (4) his guilty pleas were made under undue threat and coercion; and (5) his theft convictions were improper because they were encompassed in the burglary convictions. (C. 28)

The State's response to Manley's Rule 32 petition was filed on July 20, 2004. (C. 108)  Judge Shashy summarily dismissed Manley's Rule 32 petition on July 27, 2004. (C. 111)  Manley filed notice of appeal on August 3, 2004. (C. 114)

ARGUMENT

Manley's appeal of his Rule 32 petition denial is not properly before this Court. Manley's Rule 32 petition challenges seventeen sentences and convictions. Although sixteen of the sentences and convictions occurred on *February 25, 1982*, Manley's sentence and conviction for case number CC-82-207 occurred on *May 27, 1982*. (C. 91)  This Court has specifically held that: "A petition that challenges multiple judgments entered in more than a single . . . guilty-plea proceeding shall be dismissed without prejudice." Carr v. State, CR-02-2192, 2004 WL 26605, at *1 (Ala. Crim. App. Jan. 6, 2004) *quoting* Ala. R. Crim. P. 32.1.

In this case, the trial court summarily dismissed Manley's Rule 32 petition on the grounds that Manley was represented by counsel at his arraignment and that all other claims raised in Manley's petition lacked specificity. (C. 119-121)  Because the trial court ruled on the merits of Manley's Rule 32 petition, this case is due to be remanded to the Montgomery County

Circuit Court "for that court to set aside its order dismissing [Manley's Rule 32] petition on the merits and to dismiss the petition without prejudice." <u>Carr v. State</u>, at *1.

>                    Respectfully submitted,
>
>                    Troy King.
>                    Attorney General
>                    By-
>
>
>                    _____
>                    Bettie J. Carmack
>                    Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on this the 24th day of September, 2004, I served a copy of the foregoing on the Appellant, by placing the same in the United States Mail, first class, postage prepaid and addressed as follows:

**John Manley**
**AIS #: 128194**
**St. Clair County Correctional Facility**
**Springville, AL  35146-5582**


*Bettie J. Carmack*
*Assistant Attorney General*


ADDRESS OF COUNSEL:

Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, AL  36130
1-334-353-5305
**167841/Manley, John**