# COURT OF CRIMINAL APPEALS
# STATE OF ALABAMA

Lane W. Mann
 Clerk
Sonja McKnight
 Assistant Clerk



P. O. Box 301555
Montgomery, AL 36130-1555
(334) 242-4590
Fax (334) 242-4689

February 10, 2005

CR-04-0570

John Manley v. State of Alabama  (Appeal from Montgomery Circuit Court: CC82-193.61 through CC82-207.61; CC82-209.61; CC82-210.61)

## NOTICE

You are hereby notified of the following action in the above cause:

The Appellant's pro se brief was filed on February 10, 2005. Because the Appellant utilized the alternative means of service to serve the Attorney General with a copy of his/her brief, the Appellee's brief is due to be filed and served by March 4, 2005.

Lane W. Mann, Clerk
Court of Criminal Appeals

cc: John Manley, Pro Se
    Office of Attorney General



EXHIBIT G

# IN THE ALABAMA COURT OF CRIMINAL APPEALS

CASE NO: CR-04-0570

JOHN MANLEY,
PETITIONER/APPELLANT, pro se,

versus

STATE OF ALABAMA,
RESPONDENT/APPELLEE.

```
FILED
FEB 1 0 2005
CLERK
ALA COURT CRIMINAL APPEALS
```

DENIAL OF SECOND RULE 32 PETITION BY JUDGE SHASHY IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA, CASE NUMBERS CC-82-195.60 THRU CC-82-207.60 AND CC-82-209.60 AND CC-82-210.60.

## BRIEF AND ARGUMENT OF APPELLANT

NO ORAL ARGUMENT REQUESTED

BY:

JOHN MANLEY
1000 ST. CLAIR RD.
#128194 (R1-116)
SPRINGVILLE, AL   USA
35146-5582

February 10, 2005

PREPARED BY:

HENRY NEAL FERGUSON III,
BY MANLEY'S DIRECTION.

i

# TABLE OF CONTENTS

                                                                           **PAGES**

TABLE OF CONTENTS......................................................................ii

TABLE OF AUTHORITIES................................................................iii

MOTION FOR COURT TO TAKE JUDICIAL NOTICE....................1

STATEMENT OF CASE.................................................................1-2

ISSUE PRESENTED FO REVIEW....................................................2

STATEMENT OF FACTS..................................................................2

STANDARD OF REVIEW.................................................................3

SUMMARY OF ARGUMENTS.........................................................3

ARGUMENT ONE............................................................................4

ARGUMENT TWO...........................................................................5

ARGUMENT THREE.......................................................................6

ARGUMENT FOUR.........................................................................7

ARGUMENT FIVE...........................................................................8

CONCLUSION.................................................................................9

CERTIFICATE OF SERVICE...........................................................9

# TABLE OF AUTHORITIES

Green v. Mutual Ben Health & Acc. Ass'n, 267 Ala. 56, 99 so.2d 694, 72 A.L.R. 2d 549 (1957)....1

29 Am Jur 2d, Evidence 24..........................................................................................................1

Ex Parte Heaton, 542 So. 2d 931 (Ala. 1989).............................................................................3

Elliott v. State, 601 So. 2d 1118 (Ala. Crim. App. 1992)............................................................3

State v. Jude, 686 So. 2d 528........................................................................................................3

Ex Parte Jude, 686 So. 2d 536......................................................................................................3

Fincher v. State, [MS CR-01-0722, May 31, 2002] __ So. 2d__, __ (Ala. Crim. App. 2002)........5

McIntyre v. State, 48 Ala. App. 626, 266 So. 2d 837 (1972).......................................................5

Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed. 2d 336 (1967)........................................5

Strickland v. State, 280 Ala. 31, 189 So. 2d 771 (1965)..............................................................5

Sanders v. State, 42 Ala. App. 419, 167 So. 2d 174 (1964).........................................................5

Harmon v. State, 543 So. 2d 717 (Ala. Crim. App. ) 1989).........................................................6

U.S. v. Tomeny, 144 F 3d 749, 751 (11th Cir. 1998.)..................................................................7

Avery v. State, 778 So. 2d 861 (Ala. Crim. App. 2000)...............................................................7

U.S. v. Matthews, 833 F.2d 161 (9th Cir. 1987)...........................................................................7

# MOTION FOR COURT TO TAKE JUDICIAL NOTICE

MANLEY ASKS THIS COURT TO TAKE JUDICIAL NOTICE OF IT'S OWN RECORDS IN CASE NO. CR-03-1905.

"When the Court takes Judicial Notice of facts, no proof of the existence of those facts is necessary." Green v. Mutual Ben Health & Acc. Ass'n, 267 Ala. 56, 99 so.2d 694, 72 A.L.R. 2d 549 (1957). "Judicial Notice of such facts takes the place of proof and is of equal force; it replaces evidence, since it stands for the same thing." 29 Am Jur 2d, Evidence 24.

# STATEMENT OF CASE

ON OR ABOUT MAY 17, 2004, MANLEY PROSECUTED HIS FIRST PRO SE RULE 32 POST CONVICTION PETITION IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA CHALLENGING THE COURT'S JURISDICTION TO RENDER JUDGMENT OR TO IMPOSE SENTENCE. C.R. 18-105. THE COURT ORDERED THE STATE TO RESPOND. C.R. 106. THE RESPONDENT ANSWERED THE PETITION. C.R. 108-110. THE COURT DENIED MANLEY'S FIRST PETITION FOR RELIEF OF CONVICTION AND SENTENCE. C.R. 111-113. MANLEY FILED TIMELY NOTICE OF APPEAL. C.R. 114-121.

THE APPELLANT'S BRIEF AND ARGUMENT WAS FILED ON OR ABOUT SEPTEMBER 08, 2004. SEE CR-03-1905.

ON OR ABOUT SEPTEMBER 24, 2004, THE STATE FILED A MOTION TO REVERSE AND REMAND FOR DISMISSAL WITHOUT PREJUDICE.

THIS COURT GRANTED THE STATE'S MOTION BECAUSE THE PETITION CHALLENGED MULTIPLE JUDGMENTS ENTERED IN MORE THAN A SINGLE GUILTY PLEA PROCEEDING.

CONSEQUENTLY, PETITIONER HAS REFILED THE SAME PETITION AND DELETED THE GROUND AND CLAIM OF THE CASE JUDGMENT THAT WAS NOT ENTERED WITH THE COMMON JUDGMENTS OF THE OTHER GUILTY PLEAS, TO WIT;

ON OR ABOUT OCTOBER 29, 2004, MANLEY PROSECUTED HIS SECOND PRO SE RULE 32 POST CONVICTION PETITION IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA CHALLENGING THE COURTS JURISDICTION TO RENDER JUDGMENT OR TO IMPOSE SENTENCE. C.R. 18-29. THE COURT ORDERED THE STATE TO RESPOND. C.R. 31. THE RESPONDENT ANSWERED THE PETITION. C.R. 32-35. THE COURT DENIED MANLEY'S SECOND PETITION FOR RELIEF OF CONVICTION AND SENTENCE. C.R. 36-37. MANLEY FILED TIMELY NOTICE OF APPEAL. C.R. 38-42. ON FEBRUARY 01, 2005, THE RECORD WAS COMPLETED AND SERVED ON COUNSEL FOR EACH PARTY TO THE APPEAL. C.R. 62.

## ISSUE PRESENTED FOR REVIEW

DID THE TRIAL COURT ABUSE IT'S DISCRETION BY DENYING MANLEY'S SECOND RULE 32 POST CONVICTION PETITION WITHOUT AN EVIDENTIARY HEARING AS A SUCCESSIVE PETITION?

## STATEMENT OF FACTS

IT IS A FACT, THE TRIAL COURT TOOK JUDICIAL NOTICE OF IT'S OWN RECORDS. IN CONSIDERATION OF THIS MATER BEFORE THE TRIAL COURT, IT FOUND, TO WIT; "JOHN MANLEY WAS INDICTED BY THE MONTGOMERY COUNTY GRAND JURY ON FEBRUARY 5, 1982. ON APRIL 2, 1982, PETITIONER APPEARED BEFORE THIS COURT AND PLED GUILTY TO THE 3 COUNTS OF BURGLARY 1st DEGREE, 6 COUNTS OF BURGLARY 3rd DEGREE, AND 8 COUNTS OF THEFT OF PROPERTY 1st DEGREE. THE COURT CONDUCTED A SENTENCING HEARING ON MARCH 19, 1982. THE COURT THEN SENTENCED PETITIONER TO 10 YEARS ON EACH COUNT TO RUN CONCURRENT."

LASTLY, IT IS A FACT, THIS APPEAL DOES NOT CONCERN CASE NO. CC-82-207-TH AN INDICTMENT ON FEBRUARY 5, 1982 FOR BURGLARY 1st DEGREE AND CONVICTION FOR CONSPIRACY TO COMMIT BURGLARY ON MAY 27, 1982 AND SENTENCED TO 10 YEARS RAN CONCURRENTLY, TO BE BACKDATED TO BEGIN TO RUN ON MARCH 19, 1982. C.R. 91-94.

## STANDARD OR REVIEW

THE STANDARD OF REVIEW ON APPEAL IN A POST CONVICTION PROCEEDING IS WHETHER THE TRIAL JUDGE ABUSED HIS DISCRETION WHEN HE DENIED THE PETITION. EX PARTE HEATON, 542 So. 2d 931 (Ala. 1989), ELLIOTT v. STATE, 601 So. 2d 1118 (Ala. Crim. App. 1992).

JUDGE "ABUSES HIS DISCRETION" ONLY WHEN HIS DECISION IS BASED ON ERRONEOUS CONCLUSION OF LAW OR WHERE RECORD CONTAINS N EVIDENCE ON WHICH HE RATIONALLY COULD HAVE BASED HIS DECISION. STATE v. JUDE, 686 So. 2d 528, REHEARING OVERRULED, CERTIORARI QUASHED, EX PARTE JUDE, 686 So. 2d 536.

## SUMMARY OF ARGUMENTS

1.) MANLEY'S SECOND PETITION IS NOT SUCCESSIVE BECAUSE THE TRIAL COURT DID NOT HAVE JURISDICTION TO HEAR AND DETERMINE THE MERITS OF THE FIRST PETITION.

2.) THE COURT WAS WITHOUT JURISDICTION TO RENDER JUDGMENT OR TO IMPOSE SENTENCE BECAUSE MANLEY WAS DEPRIVED OF THE RIGHT TO COUNSEL AT CRITICAL STAGES OF THE PROCEEDINGS.

3.) MANLEY'S THEFT OF PROPERTY CONVICTIONS ARE DUE TO BE VACATED BECAUSE THEY AROSE OUT OF THE SAME CONDUCT AND THEREFORE ARE ELEMENTS OF THE BURGLARY CONVICTIONS.

4.) MANLEY'S BURGLARY IN THE THIRD DEGREE INDICTMENT AND CONVICTION FOR CC-82-205-TH IS DUE TO BE VACATED BECAUSE THE OFFENSE OF BURGLARY IN THE FIRST DEGREE PREEMPTS THIS INDICTMENT AND CONVICTION.

5.) EACH AND ALL OF MANLEY'S GUILTY PLEA CONVICTIONS AND SENTENCES ARE DUE TO BE WITHDRAWN IF ONE OR SOME CONVICTIONS AR VACATED BECAUSE THIS NEW RELIEF CHANGES THE INTENT AND PURPOSE OF MANLEY'S DESIRE TO PLEAD GUILTY AND THE LEGAL RAMIFICATIONS REGARDING CONSECUTIVE SENTENCING.

## ARGUMENT ONE

THE SECOND PETITION IS NOT SUCCESSIVE BECAUSE THE TRIAL COURT DID NOT HAVE JURISDICTION TO HEAR AND DETERMINE THE MERITS OF THE FIRST PETITION WHEN THE PETITIONER INADVERTENTLY INCLUDED A JUDGMENT OF A CASE NOT ENTERED IN THE MULTIPLE JUDGMENTS ENTERED ON THE SAME DATE CHALLENGED.

FURTHERMORE, THIS COURT GRANTED THE STATE'S REQUEST TO REVERSE AND REMAND FOR DISMISSAL WITHOUT PREJUDICE. THUS THE RESPONDENT IS NOT PREJUDICED WHEN HE ASKED FOR AND GOT WHAT HE MOVED THE APPELLATE COURT FOR.

WHEREFORE, BASED ON THE ABOVE PREMISES, THE SECOND PETITION SHOULD NOT BE DEEMED SUCCESSIVE UNDER RULE 32.2(b), A.R.C.R.P.

## **ARGUMENT TWO**

INITIALLY MANLEY CLAIMS HE WAS DEPRIVED OF COUNSEL AT ARRAIGNMENT. IN ADDITION, MANLEY CLAIMS HE WAS DEPRIVED OF COUNSEL AT SENTENCING.

"THIS COURT WILL NOT REMAND A CASE TO THE CIRCUIT COURT TO HOLD AN EVIDENTIARY HEARING ON A JURISDICTIONAL CLAIM THAT WAS NOT PRESENTED IN THE PETITIONER'S RULE 32 PETITION UNLESS FACTS APPEAR IN THE RECORD AFFIRMATIVELY SHOWING A LACK OF JURISDICTION."

FINCHER v. STATE, [MS CR-01-0722, MAY 31, 2002] __ So. 2d __, __ (Ala. Crim. App. 2002). CLEARLY, THE FACE OF THE RECORD IN EACH ONE OF MANLEY'S CASES REFLECTS HE WAS PRESENT DURING SENTENCING BUT NOT WITH COUNSEL.

McINTYRE v. STATE, 48 Ala. App. 626, 266 So. 2d 837 (1972), HELD THAT DUE PROCESS REQUIRED REPRESENTATION BY COUNSEL AT SENTENCING." ALSO SEE MEMPA v. RHAY, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed. 2d 336 (1967).

MANLEY, BELIEVES HIS CONVICTIONS IS DUE TO BE VACATED BECAUSE THE CASE ACTION SUMMARY SHEETS FAIL TO REFLECT HIS ATTORNEY'S APPEARANCE AND THAT HE WAS ARRAIGNED WITH COUNSEL OR THAT MANLEY WAIVED ARRAIGNMENT WITH COUNSEL.

MANLEY BELIEVES HE IS DUE A NEW SENTENCING BECAUSE THE RECORD REFLECTS HE WAS SENTENCED WITHOUT AN ATTORNEY PRESENT.

THE ALABAMA SUPREME COURT HELD IN STRICKLAND v. STATE, 280 Ala. 31, 189 So. 2d 771 (1965), THAT AN ACCUSED HAS A RIGHT TO COUNSEL BEGINNING WITH ARRAIGNMENT AND AT EVERY STAGE OF THE PROCEEDING, INCLUDING THE GUILTY PLEA, UNLESS A COMPETENT, INTELLIGENT, AND VOLUNTARY WAIVER IS MADE. SANDERS v. STATE, 42 Ala. App. 419, 167 So. 2d 174 (1964), STATES THAT THE STATE MAY NOT PROSECUTE AN ACCUSED UNLESS THAT PERSON IS ATTENDED BY COUNSEL AT ALL CRITICAL STAGES.

FOR THESE REASONS, MANLEY IS DUE HIS CONVICTIONS BE SET ASIDE OR IS DUE A NEW SENTENCING WITH COUNSEL PRESENT.

## **ARGUMENT THREE**

MANLEY CONTENDS HIS THEFT OF PROPERTY CONVICTIONS ARE DUE TO BE VACATED BECAUSE THEY AROSE OUT OF THE SAME CONDUCT AND THEREFORE ARE ELEMENTS OF THE BURGLARY CONVICTIONS.

THE APPELLATE COURT HELD IN <u>HARMON v. STATE</u>, 543 So. 2d 717 (Ala. Crim. App.) 1989), "THE DEFENDANT COULD NOT BE CONVICTED OF BOTH BURGLARY IN THE THIRD DEGREE AND THEFT OF PROPERTY IN THE SECOND DEGREE WHERE BOTH CHARGES AROSE FROM THE SAME ACT."

THE THEFT OF PROPERTY, IN EACH OF THESE CASES, IS THE SAME PROPERTY INTENDED AND STOLEN FROM THE CONCURRENT BURGLARY THEREFORE IT IS AN ELEMENT OF THE BURGLARY CONVICTIONS THAT WAS SPLIT TO CONSTITUTE SEPARATE OFFENSES OUT OF SINGLE TRANSACTIONS.

## ARGUMENT FOUR

MANLEY CLAIMS HIS BURGLARY IN THE THIRD DEGREE INDICTMENT IS DUE TO BE DISMISSED FOR FAILING TO CHARGE AN OFFENSE (CC-82-205-TH) BECAUSE BASED ON THE FACTS OF THE THEFT OF PROPERTY FIRST DEGREE INDICTMENT AND CONVICTION (CC-82-206-TH) CONCLUDES THAT MANLEY WAS ARMED WHILE INSIDE THE BUILDING OF J. STREETER WIATT THEREFORE THE BURGLARY IN THE FIRST DEGREE STATUTE PREEMPTS THIS CONVICTION AND INDICTMENT.

"DEFENDANTS CLAIM THAT CHARGING STATUTE WAS PREEMPTED BY ANOTHER STATUTE, PREVENTING INDICTMENT FROM CHARGING OFFENSE WAS JURISDICTIONAL AND THEREFORE NOT WAIVED BY DEFENDANTS GUILTY PLEA." U.S. v. TOMENY, 144 F 3d 749, 751 (11th Cir. 1998.).

FOR EXAMPLE IN PRINCIPLE CASE. IN AVERY v. STATE, 778 So. 2d 861 (Ala. Crim. App. 2000). "THE COURT WAS WITHOUT JURISDICTION TO ACCEPT THE DEFENDANTS GUILTY PLEA TO BURGLARY IN THE SECOND DEGREE UNDER 13A-7-6, WHERE THE DEFENDANT WAS INDICTED FOR BURGLARY IN THE THIRD DEGREE, UNDER THIS SECTION 13A-7-7 CODE OF ALABAMA." THEN ALSO THE COURT SHOULD BE WITHOUT JURISDICTION TO ACCEPT A DEFENDANTS GUILTY PLEA FOR BURGLARY IN THE THIRD DEGREE WHEN THE FACTS OF BURGLARY IN THE THIRD DEGREE AND COUNTERPART OFFENSE OF THEFT OF PROPERTY FOUND BY THE SAME GRAND JURY ESTABLISH A BURGLARY IN THE SECOND OF FIRST DEGREE (THE GREATER OFFENSE).

"A GUILTY PLEA CONCLUSIVELY PROVES THE FACTUAL ALLEGATIONS CONTAINED IN THE INDICTMENT, BUT DOES NOT CONFER JURISDICTION. JURISDICTION ARISES BY OPERATION OF LAW WHEN CERTAIN FACTS ALLEGED IN THE INDICTMENT ARE PROVED, WHETHER BY GUILTY PLEA, BY JUDGMENT, OR BY JURY VERDICT. THE DEFENDANT BY PLEADING GUILTY ESTABLISHES THE FACTUAL BASIS FOR JURISDICTION, BUT NOT JURISDICTION ITSELF JURISDICTION DERIVES FROM THE STATUTE. U.S. v. MATTHEWS, 833 F.2d 161 (9th Cir. 1987).

## **ARGUMENT FIVE**

MANLEY BELIEVES THAT IF ONE OR SOME OF HIS CONVICTIONS GET VACATED THEN HE IS DUE TO HAVE EACH AND ALL REMAINING CONVICTIONS VACATED SINCE THE INSTANT NEW RELIEF CHANGES THE INTENT AND PURPOSE OF MANLEY'S DESIRE TO PLEAD GUILTY AND SINCE THE VACATED CONVICTIONS CHANGE THE CUMULATIVE MINIMUM AND MAXIMUM SENTENCING RANGES THAT COULD BE IMPOSED IF THE SENTENCES WERE TO RUN CONSECUTIVELY.

CLEARLY, THE INSTANT NEW INTELLIGENCE WOULD AFFECT THE KNOWING AND VOLUNTARINESS OF THE PLEADING GUILTY IF THE VACATED CONVICTIONS WERE THE ACCUSED'S MOST WORRIES FOR CONVICTION OF TRIAL AND THE REMAINING CONVICTIONS WERE BAGGAGE THE DEFENDANT HAD TO ACCEPT FOR THE PACKAGE DEAL.

CONCLUSIVELY, BECAUSE THE TRIAL COURT CONSOLIDATED AND RUN EACH AND ALL OF THE CASES CONCURRENT THEN <u>DUE PROCESS</u> SHOULD ENTITLED MANLEY TO WITHDRAW EACH AND ALL REMAINING CONVICTIONS UPON THIS COURT VACATING ONE OR MORE CONVICTIONS.

## CONCLUSION

MANLEY BELIEVES THIS CAUSE IS DUE TO BE REVERSED AND REMANDED BACK TO THE TRIAL COURT WITH INSTRUCTIONS TO VACATE ALL HIS CONVICTIONS AND SENTENCES BASED ON THE RELIEF OF ANY ONE OF HIS CONVICTIONS AND SENTENCES SINCE THIS RESULT WOULD NEWLY CHANGE THE INTENT AND PURPOSE OF MANLEY DESIRING TO PLEAD GUILTY.

## CERTIFICATE OF SERVICE

I, JOHN MANLEY, DO HEREBY CERTIFY ON THIS __10th__ DAY OF __FEBRUARY__, IN THE YEAR OF OUR LORD AND SAVIOUR, JESUS THE CHRIST, __2005__, SERVED TWO COPIES OF THE FORGOING UPON THE APPELLATE COURT CLERK FOR HIM TO PLACE A COPY OF THE SAME INTO THE ATTORNEY GENERAL'S MAILBOX.

RESPECTFULLY SUBMITTED,

_____
JOHN W. MANLEY