CR-04-0579

In the COURT of CRIMINAL APPEALS
of ALABAMA

——————————————— ♦ ———————————————

**JOHN MANLEY,**

Appellant,

v.

**STATE OF ALABAMA,**

Appellee.

——————————————— ♦ ———————————————

*On Appeal from the Circuit Court of*
*Montgomery County*

*(CC-82-193; CC-82-194; CC-82-195; CC-82-196; CC-82-197; CC-82-198; CC-82-199; CC-82-200; CC-82-201; CC-82-202; CC-82-203; CC-82-204; CC-82-205; CC-82-206; CC-82-209; CC-82-210)*

**BRIEF OF APPELLEE**

Troy King
*Attorney General*

Robin Blevins Scales
*Assistant Attorney General*

Bettie J. Carmack
*Assistant Attorney General*
Counsel of Record*

State of Alabama
Office of the Attorney General
11 South Union Street
Montgomery, Alabama 36130

March 3, 2004



EXHIBIT

H

## STATEMENT REGARDING ORAL ARGUMENT

The State does not request oral argument because "[t]he facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument." Ala. R. App. P. 34(a)(3).

## TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT.......................... i

TABLE OF CONTENTS......................................... ii

TABLE OF AUTHORITIES..................................... iv

STATEMENT OF THE CASE AND FACTS........................... 1

ISSUE PRESENTED FOR REVIEW............................... 5

STANDARD OF REVIEW....................................... 6

SUMMARY OF THE ARGUMENT.................................. 7

ARGUMENT

I.  Manley's Rule 32 Petition Is Not Successive Because
His Previous Rule 32 Petition Was Dismissed Without
Prejudice And Never Adjudicated On Its Merits............. 9

II.  This Court Properly Exercised Its Discretion When
It Dismissed Manley's Rule 32 Petition Based Upon A
Contention That Manley Had Been Denied Counsel At His
Arraignment Because The Record Shows That Manley
Was Represented By Attorney Charles Law At Each Of
His Legal Proceedings.................................... 9

A.  Allegedly denied counsel at arraignment.............. 10

B.  Allegedly denied counsel at his sentencing........... 10

III.  The Trial Court Properly Exercised Its Discretion
When It Dismissed Manley's Rule 32 Petition Based Upon A
Claim That He Could Not Be Convicted Of Theft And Burglary
Arising Out Of The Same Transaction Because This Court Has
Held That A Defendant Can Be Convicted Of Theft And
Burglary Arising Out Of The Same Transaction If The
Sentences Run Concurrently............................... 11

IV.  The Trial Court Properly Dismissed Manley's Rule 32 Petition Based Upon Manley's Claim That His Burglary In The Third Degree Indictment Failed To Charge An Offense Because Manley Was Precluded From Raising This Claim In A Rule 32 Petition Because It Is A Non-Jurisdictional Claim That Should Have Been Raised At Manley's Guilty Plea Proceeding Or On Direct Appeal....................................12

V.  The Trial Court Properly Exercised Its Discretion When It Dismissed Manley's Rule 32 Petition Based Upon A Claim That His Plea Was Involuntary Because The Claim Is Procedurally Barred From Review In A Rule 32 Petition Because It Was Not Raised Within The Limitation Period...15

CONCLUSION...........................................16

CERTIFICATE OF SERVICE................................17

## TABLE OF AUTHORITIES

**Cases**

Avery v. State, 778 So. 2d 861 (Ala. Crim. App. 2000)....15

Brown v. State, 821 So. 2d 219 (Ala. Crim. App. 2000)....12

Corley v. State, 796 So. 2d 1149 (Ala. Crim. App. 2000)...9

Crenshaw v. State, CR-96-128, 1997 WL 127214
(Ala. Crim. App. Mar. 21, 1997).........................14

Ex parte Gardner, No. 1030309, 2004 WL 119304
(Ala. Jan. 27, 2004)....................................15

Hargett v. State, 813 So. 2d 948 (Ala. Crim. App. 2001)..13

Harmon v. State, 543 So. 2d 717 (Ala. Crim. App. 1989)...11

Simms v. State, 869 So. 1181 (Ala. Crim. App. 2003)..11, 14

Vason v. State, 574 So. 2d 860 (Ala. Crim. App. 1990)....11

Ex parte Gardner, No. 1030309, 2004 WL 119304
(Ala. Jan. 27, 2004)....................................15

**Rules**

Ala. R. Crim. P.

Rule 15.2(a)............................................13

Rule 32.6(b)............................................14

## STATEMENT OF THE CASE AND FACTS[1]

On December 8, 2004, Judge William Shashy of the Montgomery County Circuit Court dismissed John Manley's Rule 32 petition.  This appeal followed.

On February 5, 1982, the Montgomery County Grand Jury issued the following indictments against Manley:

| | | |
|---|---|---|
| 1. | Burglary I (CR-03-1905, C. 30) | CC-82-193 |
| 2. | Theft of Property I (CR-03-1905, C. 34) | CC-82-194 |
| 3. | Burglary III (CR-03-1905, C. 38) | CC-82-195 |
| 4. | Theft of Property I (CR-03-1905, C. 43) | CC-82-196 |
| 5. | Burglary I (CR-03-1905, C. 47) | CC-82-197 |
| 6. | Theft of Property I (CR-03-1905, C. 51) | CC-82-198 |
| 7. | Burglary III (CR-03-1905, C. 55) | CC-82-199 |
| 8. | Theft of Property I (CR-03-1905, C. 59) | CC-82-200 |
| 9. | Burglary III (CR-03-1905, C. 63) | CC-82-201 |
| 10. | Theft of Property I (CR-03-1905, C. 71) | CC-82-202 |
| 11. | Burglary III (CR-03-1905, C. 75) | CC-82-203 |

---

[1] Some of the statement of the case and the facts are excerpted from Manley's first Rule 32 record on appeal.  This Court is asked to take judicial notice of Manley's first Rule 32 record on appeal.  See Ex parte Salter, 520 So. 2d 213, 216 (Ala. Crim. App. 1987)("The Court of Criminal Appeals can take judicial notice of its own records.").

| 12. | Theft of Property I (CR-03-1905, C. 79) | CC-82-204 |
| 13. | Burglary III (CR-03-1905, C. 83) | CC-82-205 |
| 14. | Theft of Property I (CR-03-1905, C. 87) | CC-82-206 |
| 15. | Burglary I (CR-03-1905, C. 91) | CC-82-207 |
| 16. | Theft of Property III (CR-03-1905, C. 95) | CC-82-208 |
| 17. | Burglary III (CR-03-1905, C. 98) and | CC-82-209 |
| 18. | Theft of Property I (CR-03-1905, C. 102) | CC-82-210 |

On February 25, 1982, Manley pleaded guilty to the

following charges:

| 1. | Burglary I | (CR-03-1905, C. 30), |
| 2. | Theft of Property I | (CR-03-1905, C. 34), |
| 3. | Burglary III | (CR-03-1905, C. 38), |
| 4. | Theft of Property I | (CR-03-1905, C. 43) |
| 5. | Burglary I | (CR-03-1905, C. 47), |
| 6. | Theft of Property I | (CR-03-1905, C. 51), |
| 7. | Burglary III | (CR-03-1905, C. 55), |
| 8. | Theft of Property I | (CR-03-1905, C. 59), |
| 9. | Burglary III | (CR-03-1905, C. 63), |
| 10. | Theft of Property I | (CR-03-1905, C. 71), |
| 11. | Burglary III | (CR-03-1905, C. 75), |
| 12. | Theft of Property I | (CR-03-1905, C. 79), |
| 13. | Burglary III | (CR-03-1905, C. 83), |
| 14. | Theft of Property I | (CR-03-1905, C. 87), |
| 15. | Burglary III and | (CR-03-1905, C. 98), |
| 16. | Theft of Property I | (CR-03-1905, C. 102). |

On May 27, 1982, Manley pleaded guilty to

conspiracy to commit burglary, CC-82-207. (CR-03-1905, C.

91)  Manley was sentenced to ten years' imprisonment for

2

each conviction and the sentences all ran concurrently. (C.
35, 39, 44, 48, 52, 56, 60, 68, 72, 76, 80, 84, 88, 91, 99,
103)  Manley did not appeal any of the convictions or
sentences.  (C. 22)

On May 17, 2004, Manley filed his first Rule 32
petition. (CR-03-1905, C. 18)  In his first Rule 32
petition, Manley asserted that the trial court was without
jurisdiction to impose a sentence in his case because: (1)
He was deprived of an attorney at his arraignment; (2)
conspiracy to commit burglary is not a lesser included
offense of burglary in the first degree; (3) the indictment
in case number CC-82-205 failed to charge an offense; (4)
his guilty pleas were made under undue threat and coercion;
and, (5) his theft convictions were improper because they
were encompassed in the burglary convictions. (CR-03-1905,
C. 28)

The State's response to Manley's Rule 32 petition was
filed on July 20, 2004. (CR-03-1905, C. 108)  Judge Shashy
summarily dismissed Manley's Rule 32 petition on July 27,
2004. (CR-03-1905, C. 111)  Manley filed notice of appeal
on August 3, 2004. (C. 114)  On September 27, 2004, this
Court ordered that the trial court's decision denying

Manley's Rule 32 petition on the merits be reversed and ordered the circuit court to dismiss Manley's first Rule 32 petition without prejudice.  *See* <u>Manley v. State</u>, CR-03-1905, order dated September 27, 2004.

On October 29, 2004, Manley filed his second Rule 32 petition. (C. 21)  In his second Rule 32 petition, Manley challenged all of his judgments and convictions, except that of case number CC-82-207, the conspiracy to commit burglary. (C. 21)

In his second Rule 32 petition, Manley stated that the trial court was without jurisdiction to render the judgment or impose the sentence because: (1) Manley was "deprived of the right to counsel at arraignment" (C. 28); (2) the theft of property conviction is due to be vacated because it was a part of the transaction that resulted in Manley pleading guilty to burglary (C. 28); (3) the burglary in the third degree indictment failed to charge an offense because it was preempted by the indictment for burglary in the first degree (C. 28); and, (4) Manley's guilty plea was coerced with a threat that all his sentences and convictions would run consecutively. (C. 28)

On December 9, 2004, Judge Shashy denied Manley's second Rule 32 petition on the ground that his claims were precluded in a successive petition. (C. 36) On December 17, 2004, Manley filed timely written notice of appeal. In his brief on appeal, Manley asserts five arguments on appeal : (1) His Rule 32 petition is not successive; (2) the court was without jurisdiction to render judgment or to impose sentence because Manley was denied counsel at his arraignment and sentencing; (3) the court was without jurisdiction to render judgment or to impose sentence because Manley's theft convictions are due to be vacated because they arose out of the same conduct as the burglary convictions; (4) the trial court was without jurisdiction to render judgment or to impose sentence because the burglary in the third degree indictment should have been dismissed because the burglary in the first degree indictments preempted the burglary in the third degree indictments; and, (5) Manley's guilty plea was involuntary. Manley's brief pgs. 4-8.

## ISSUE PRESENTED FOR REVIEW

Did Judge Shashy properly exercise his discretion when he denied Manley's second Rule 32 petition?

## STANDARD OF REVIEW

"When reviewing a trial court's ruling on a post conviction petition, this Court must determine whether the trial court abused it[s] discretion." Brown v. State, 807 So. 2d 1, 4 (Ala. Crim. App. 1999). "Where the judgment of the circuit court denying a petition for post-conviction relief is correct for any reason, it will be affirmed by this Court, even if the circuit court stated an incorrect reason for its denial." Sumlin v. State, 710 So. 2d 941, 943 (Ala. Crim. App. 1998).

## SUMMARY OF THE ARGUMENT

Manley's Rule 32 petition is not successive because Manley's previous Rule 32 petition was dismissed without prejudice and never adjudicated on its merits.

This Court properly exercised its discretion when it dismissed Manley's Rule 32 petition based upon a contention that Manley had been denied counsel at his arraignment because the record shows that Manley was represented by attorney Charles Law at each of his legal proceedings.

The trial court properly exercised its discretion when it dismissed Manley's Rule 32 petition based upon a claim that he could not be convicted of theft and burglary arising out of the same transaction, because this Court has held that a defendant can be convicted of theft and burglary arising out of the same transaction if the sentences run concurrently.

The trial court properly dismissed Manley's Rule 32 petition based upon Manley's claim that his burglary in the third degree indictment failed to charge an offense, because Manley was precluded from raising this claim in a Rule 32 petition because it is a non-jurisdictional claim

7

that should have been raised at Manley's guilty plea proceeding or on direct appeal.

The trial court properly exercised its discretion when it dismissed Manley's Rule 32 petition based upon a claim that his plea was involuntary, because the claim is procedurally barred from review in a Rule 32 petition because it was not raised within the limitation period.

**ARGUMENT**

I.    **Manley's Rule 32 Petition Is Not Successive Because His Previous Rule 32 Petition Was Dismissed Without Prejudice And Never Adjudicated On Its Merits.**

On December 8, 2004, Judge William Shashy dismissed Manley's Rule 32 petition on the ground that the petition was successive. (C. 36)  Manley contends that the Rule 32 petition is not successive.  Manley's brief pg. 4.  Because Manley's previous Rule 32 petition was not adjudicated on the merits, the State concedes that Manley's Rule 32 petition is not successive. *See* Corley v. State, 796 So. 2d 1149, 1150 (Ala. Crim. App. 2000) *remanded with instructions on other grounds;* Manley v. State, CR-03-1905, order dated September 27, 2004.

II.    **This Court Properly Exercised Its Discretion When It Dismissed Manley's Rule 32 Petition Based Upon A Contention That Manley Had Been Denied Counsel At His Arraignment Because The Record Shows That Manley Was Represented By Attorney Charles Law At Each Of His Legal Proceedings.**

In his Rule 32 petition to the trial court, Manley asserted that he had been denied counsel at his arraignment. (C. 28)  In his brief on appeal, Manley

9

asserted that he was denied counsel at his arraignment and sentencing. Manley's brief pg. 5.

### A.    Allegedly denied counsel at arraignment

Manley contends that "the case action summary sheet fails to reflect his attorney's appearance . . .." Manley's brief pg. 5.  Manley's contention is without merit. The certified record from Manley's previous Rule 32 appeal shows that Manley was appointed counsel, Charles Law, and that counsel appeared at each of Manley's legal proceedings. (CR-03-1905, 30, 34, 38, 43, 47, 51, 59, 63, 55, 71, 75, 79, 83, 87, 91, 98, 108)

### B.    Allegedly denied counsel at his sentencing

Manley never raised the argument in his Rule 32 petition to the trial court that he had been denied counsel at his sentencing.  Because Manley never raised this argument to the trial court, this Court is precluded from reviewing the argument in a Rule 32 petition on appeal. *See* Sims v. State, 869 So. 2d 1181, 1184 (Ala. Crim. App. 2003) *remanded with directions on other grounds*.

**III. The Trial Court Properly Exercised Its Discretion When It Dismissed Manley's Rule 32 Petition Based Upon A Claim That He Could Not Be Convicted Of Theft And Burglary Arising Out Of The Same Transaction Because This Court Has Held That A Defendant Can Be Convicted Of Theft And Burglary Arising Out Of The Same Transaction If The Sentences Run Concurrently.**

Manley contends that his theft convictions are due to be vacated because they arose out of the same conduct that led to his burglary convictions. Manley's brief pg. 6. Manley's contention is without merit.

To support his contention, Manley cites Harmon v. State which stated that "Harmon[] could not be convicted of both burglary in the third degree and theft of property in the second degree, where both charges arose from the same act." Harmon v. State, 543 So. 2d 717, 7148 (Ala. Crim. App. 1989). This Court, however, overruled part of the holding in Harmon v. State in Vason v. State. See Vason v. State, 574 So. 2d 860, 863 (Ala. Crim. App. 1990)("the propriety of convictions for both burglary and theft arising from the same transaction has been consistently upheld. Therefore this court's language on return to remand in Harmon v. State, 543 So. 2d 717 (Ala.Cr.App.1989), . . . is overruled as to its language concerning the vacation of one of the convictions."). Furthermore, the Alabama Supreme Court has

11

stated that, as long as the defendant receives concurrent sentences, the defendant can be convicted of both burglary and theft arising out of the same transaction. *See* Brown v. State, 821 So. 2d 219, 225 (Ala. Crim. App. 2000) *remanded with directions on other grounds*.  In this case, Manley admitted in his Rule 32 petition that he was sentenced to ten years for each of his convictions and that the sentences were to run concurrently. (C. 21; CR-03-1905, C. 35, 39, 44, 48, 52, 56, 60, 68, 72, 76, 80, 84, 88, 91, 99, 103)

Because Manley could be convicted of theft and burglary arising out of the same transaction and his sentences are to run concurrently, the trial court properly dismissed Manley's Rule 32 petition.

**IV.    The Trial Court Properly Dismissed Manley's Rule 32 Petition Based Upon Manley's Claim That His Burglary In The Third Degree Indictment Failed To Charge An Offense Because Manley Was Precluded From Raising This Claim In A Rule 32 Petition Because It Is A Non-Jurisdictional Claim That Should Have Been Raised At Manley's Guilty Plea Proceeding Or On Direct Appeal.**

Manley contends that his third degree burglary indictment is due to be dismissed because he should have been charged with burglary in the first degree. Essentially, Manley contends that, if you add the theft

12

convictions with the fact that he used a gun, the prosecution should have requested a first degree burglary indictment. Manley's brief pg. 7.  Manley also contends that his third degree burglary indictment was "preempted" by the first degree burglary indictment. *Id*. Manley's contentions are not clear.

Although Manley couches his claim as a jurisdictional "preemption" claim, Manley's argument seems to be that his indictment was defective because it failed to charge an offense.  Manley's brief pg. 7. This is a non-jurisdictional claim and, as a result, it is procedurally barred by Rule 32(a)(3) and (5) because Manley never raised the claim at his guilty plea proceeding or on direct appeal.  *See* Hargett v. State, 813 So. 2d 948, 949 (Ala. Crim. App. 2001) *remanded with directions on other grounds*.

Furthermore, to challenge any irregularities in the indictment, Manley had to file a pre-trial motion raising the issue.  *See* Ala. R. Crim. P. 15.2(a).  Manley did not file a pre-trial motion regarding the allegedly defective indictment. Because Manley failed to file a pre-trial motion challenging the wording of the indictment, he waived any irregularities in the indictment.  *See* Ala. R. Crim. P.

13

15(c). The trial court was, therefore, precluded from reviewing the issue in a Rule 32 petition.

Moreover, Manley's claim that the indictment was defective was without merit because it lacked specificity. Manley makes a bare allegation that "his burglary in the third degree indictment is due to be dismissed for failing to charge an offense[] because based on the facts of the theft of property first degree indictment and conviction[] conclude[e]s that Manley was armed while inside the building of J. Streeter Wiatt therefore the burglary in the first degree statute preempts this conviction and indictment." Manley's brief pg. 7.

In his brief on appeal, Manley offers more information regarding this claim but, because this information was not included in his Rule 32 petition to the trial court, this Court is precluded from reviewing any additional arguments raised by Manley on appeal. *See* Sims v. State, 869 So. 2d 1181, 1184 (Ala. Crim. App. 2003) *remanded with directions on other grounds*. Because Manley raised only a bare allegation regarding the allegedly defective indictment, the trial court properly dismissed his Rule 32 petition. *See* Ala. R. Crim. P. 32.6(b).

14

**V.    The Trial Court Properly Exercised Its Discretion When It Dismissed Manley's Rule 32 Petition Based Upon A Claim That His Plea Was Involuntary Because The Claim Is Procedurally Barred From Review In A Rule 32 Petition Because It Was Not Raised Within The Limitation Period.**

Manley contends that, if this Court vacates any of his sentences or convictions, then he should be able to withdraw all of his guilty pleas. Manley's brief pg. 8. According to Manley, he only pleaded guilty because he was "pushed" by the State to plead guilty by a threat that all of his sentences would run consecutively if he did not plead guilty. (C. 28)  Manley contends he was under "undue threat and coercion." (C. 28)    This claim is procedurally barred because Manley did not raise it within the two-year limitations period.[2]  *See* Avery v. State, 778 So. 2d 861, 862 (Ala. Crim. App. 2000) *remanded with instructions on other grounds.*

---

[2]  Manley's convictions and sentences occurred on or about February 25, 1982. Because Manley's triggering date occurs before July 31, 2001, he had two years to file a Rule 32 petition raising a claim that his plea was involuntary.  *See* Ex parte Gardner, No. 1030309, 2004 WL 119304, at *2 (Ala. Jan. 27, 2004)(cases with a triggering date before July 31, 2001 have two years from the triggering date to file a post-conviction petition).

15

## CONCLUSION

Based upon the above, the trial court's decision to deny Manley's Rule 32 petition is due to be affirmed.

Respectfully submitted,
Troy King
Attorney General

Robin Scales
Assistant Attorney General
By-


Bettie J. Carmack
*Assistant Attorney General*
Counsel of Record*

## CERTIFICATE OF SERVICE

I hereby certify that on this the ___3rd___ day of

March, 2005, I served a copy of the foregoing on

the Appellant, by placing the same in the United

States Mail, first class, postage prepaid and addressed as

follows:

**John Manley**
**AIS #: 128194**
**100 St. Clair Road**
**Springville, AL  35146-5582**


Bettie J. Carmack
*Assistant Attorney General*

ADDRESS OF COUNSEL:
Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, AL  36130
1-334-353-5305
**188271/Manley, John**

17