# IN THE ALABAMA COURT OF CRIMINAL APPEALS

CASE NO: CR-04-0570

JOHN MANLEY,
PETITIONER/APPELLANT, pro se,

versus

STATE OF ALABAMA,
RESPONDENT/APPELLEE.

FILED
MAR 0 8 2005
CLERK
ALA COURT CRIMINAL APPEALS


Attorney General's Copy

DENIAL OF SECOND RULE 32 PETITION BY JUDGE SHASHY IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA, CASE NUMBERS CC-82-195.60 THRU CC-82-207.60 AND CC-82-209.60 AND CC-82-210.60.

## REPLY BRIEF AND ARGUMENT OF APPELLANT

NO ORAL ARGUMENT REQUESTED

BY:

JOHN MANLEY
1000 ST. CLAIR RD.
#128194 (R1-116)
SPRINGVILLE, AL   USA
35146-5582

March 8, 2005

PREPARED BY:

HENRY NEAL FERGUSON III,
BY MANLEY'S DIRECTION.


EXHIBIT I

## REPLY

THE STATE ASSERTS THE TRIAL COURT PROPERLY DISMISSED MANLEY'S PETITION REGARDING MANLEY HAD BEEN DENIED COUNSEL AT HIS ARRAIGNMENT BECAUSE THE RECORD SHOWS THAT MANLEY WAS REPRESENTED BT ATTORNEY LAW AT EACH OF HIS LEGAL PROCEEDINGS. P.9.

FURTHER THE STATE ASSERTS MANLEY'S CLAIM THAT HE WAS DENIED COUNSEL AT SENTENCING IS PRECLUDED BECAUSE HE NEVER RAISED THE ARGUMENT TO THE TRIAL COURT. P.10.

MANLEY ASSERTS THIS COURT CANNOT IGNORE THE FACTS ON THE FACE OF THE CASE ACTION SUMMARY SHEETS. THE FACE OF THE CASE ACTION SUMMARY SHEETS CLEARLY CONTRADICT THE STATE'S CONTENTION THAT MANLEY WAS REPRESENTED BY COUNSEL AT EACH OF HIS LEGAL PROCEEDINGS.

RULE 26.9(c), A.R.C.R.P., REQUIRES THE PRESENCE OF COUNSEL AT EACH PROCEEDING INCLUDING THE DEFENDANT'S ARRAIGNMENT OR ANY WAIVER THEREOF AND THE PRONOUNCEMENT OF SENTENCE. IT IS A FACT, NO LISTING OF ARRAIGNMENT IN WHICH THIS IS A LEGAL PROCEEDING SEE RULE 14, A.R.C.R.P., IS LISTED AND THE PRONOUNCEMENT OF SENTENCE IS LISTED BUT FAILS TO REFLECT MANLEY H AD COUNSEL PRESENT.

IT IS TRUE, MANLEY DID NOT RAISE THE PRESENCE OF COUNSEL AT SENTENCING BEFORE THE TRIAL COURT BUT IT IS CLEAR THE TRIAL COURT COULD HAVE AND SHOULD HAVE RECOGNIZED MANLEY WAS WITHOUT COUNSEL AT SENTENCING WHEN IT FOUND IN ITS ORDER C.R.36. THE COURT CONDUCTED A SENTENCE HEARING ON MARCH 19, 1982. THE TRIAL COURT SHALL RECOGNIZE JURISDICTION OF IT'S OWN ACTIONS.

THE STATE ASSERTS THE TRIAL COURT PROPERLY DISMISSED MANLEY'S PETITION REGARDING MANLEY'S CLAIM THAT HE COULD NOT BE CONVICTED OF THEFT AND BURGLARY ARISING OUT OF THE SAME TRANSACTION BECAUSE THE SENTENCES

ARE RUN CONCURRENTLY. P.11.

MANLEY'S POST CONVICTION PETITION WAS FILED AFTER THE HOLDING IN VASON v. STATE, 574 So. 2d 860, 863 (Ala. Crim. App. 1990) AND BROWN v. STATE, 821 So. 2d 219, 225 (Ala. Crim. App. 2000) BUT HARMON v. STATE, 543 So. 2d 717 (Ala. Crim. App. 1989) IS CLOSEST TO MANLEY'S CONVICTIONS AND SENTENCES. THERFORE, MANLEY SHOULD BE ENTITLED TO RELIEF BEFORE VASON AND BROWN BECAUSE HARMON WAS THE CONTROLLING CASE REGARDING THE COURTS JURISDICTION CONCERNING THIS ISSUE. SEE. e.g. BIGHAMES v. STATE, 440 So. 2d 1231 (Ala. Crim. App. 1983).

MORE TO, SINCE THE OFFENSES ARE SPLIT FROM THE SAME TRANSACTION MANLEY SHOULD NOT BE CONVICTED OF MORE THAN ONE OFFENSE BECAUSE BURGLARY IS A FORM OF PREPARATION TO COMMIT THE THEFT WHEN BOTH OFFENSES INVOLVE THE SAME ACCUSED AND VICTIMS AND PROPERTIES. SEE 13A-1-8 (b) (2), Ala. Crim. Code. 1975.

THE STATE ASSERTS THE TRIAL COURT PROPERLY DISMISSED MANLEY'S PETITION REGARDING MANLEY'S CLAIM THAT HIS BURGLARY IN THE THIRD DEGREE INDICTMENT FAILED TO CHARGE FOR OFFENSE BECAUSE HE SHOULD HAVE BEEN CHARGED WITH BURGLARY IN THE FIRST DEGREE BECAUSE IT IS A NON-JURISDICTIONAL CLAIM. P.12.

CLEARLY THIS CLAIM IS NOT AN IRREGULARITY THAT IS PRECLUDED BECAUSE THE TRIAL COURTS JURISDICTION HAS BEEN IMPLICATED WHEN THE SAME GRAND JURY INDICTS MANLEY FOR BURGLARY THIRD AND THEFT FIRST FOR THE SAME TRANSACTION OF CRIME UPON THE SAME VICTIM AND THE LOOT OF THE THEFT FROM THE BURGLARY INCLUDES A DEADLY WEAPON OR A DANGEROUS INSTRUMENT THUS MAKING THE BURGLARY EXCLUSIVELY ONE IN THE FIRST DEGREE BECAUSE THE GRAND JURY CONCLUDED MANLEY WAS ARMED WITH A DEADLY WEAPON INSIDE THE DWELLING, IN WHICH, THESE FACTS INDISPUTABLY ESTABLISH BURGLARY IN THE FIRST DEGREE. SEE 13A-7-5 (A) (1), Ala. Crim. Code 1975.

THEREFORE, MANLEY'S BURGLARY THIRD INDICTMENT IS PREEMPTED BY THE OFFENSE OF BURGLARY IN THE FIRST DEGREE.

## CONCLUSION

WHEREFORE, BASED ON THE ABOVE PREMISES, MANLEY'S CONVICTIONS OR SENTENCES OR BOTH IS DUE TO BE REVERSED FOR PROPER LEGAL PROCESS TO BE HAD.

## CERTIFICATE OF SERVICE

I, JOHN MANLEY, DO HEREBY CERTIFY ON THIS __08th__ DAY OF __MARCH__, IN THE YEAR OF OUR LORD AND SAVIOUR, JESUS THE CHRIST, __2005__, SERVED TWO COPIES OF THE FORGOING UPON THE APPELLATE COURT CLERK FOR HIM TO PLACE A COPY OF THE SAME INTO THE ATTORNEY GENERAL'S MAILBOX.

RESPECTFULLY SUBMITTED,

_____
JOHN W. MANLEY