

Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals

State of Alabama
Judicial Building, 300 Dexter Avenue
**P. O. Box 301555**
**Montgomery, AL 36130-1555**

**H.W."BUCKY" McMILLAN**
Presiding Judge
**SUE BELL COBB**
**PAMELA W. BASCHAB**
**GREG SHAW**
**A. KELLI WISE**
Judges

Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

### MEMORANDUM

CR-04-0570     Montgomery Circuit Court CC-82-193.61 through
                CC-82-206.61; CC-82-209.61; CC-82-210.61

John Manley v. State of Alabama

WISE, Judge.

The appellant, John Manley, appeals from the circuit court's dismissal of his petition for postconviction relief, filed pursuant to Rule 32, Ala.R.Crim.P., in which he attacks his 1982 guilty-plea convictions for two counts of burglary in the first degree, eight counts of theft in the second degree, six counts of burglary in the third degree, one count of conspiracy to commit burglary and his resulting sentences of 10 years' imprisonment for each conviction, ordered to run concurrently. No direct appeal was taken from any of these convictions.

EXHIBIT
5

On May 17, 2004, Manley filed his first Rule 32 petition which was dismissed by the trial court on July 20, 2004. On September 27, 2004, this Court ordered that his petition be reversed and that the circuit court dismiss Manley's first Rule 32 petition without prejudice. Manley v. State (No. CR-03-1905), ___ So. 2d ___ (Ala.Crim.App. 2003) (table).

On October 29, 2004, Manley filed the instant Rule 32 petition wherein he alleged: (1) that he was deprived of the right to counsel at arraignment; (2) that each of his theft of property convictions is due to be vacated because, he said, "...it is the same property intended and stolen from the concurrent Burglary, thus an element of the Burglary convictions was split to constitute separate offenses out of single transactions;" (3) that his burglary in the third degree indictment failed to charge an offense because, he said, that it was preempted by the indictment for burglary in the first degree; and (4) that his guilty plea was coerced with a threat that all of his sentences and convictions would run consecutively. On December 7, 2004, the State filed its response and a motion to dismiss wherein it argued that Manley's claims are precluded from appellate review. On December 9, 2004, the trial court issued an order dismissing Manley's petition. This appeal followed.

On appeal, Manley reasserts the allegations made in his petition as well as asserting: (1) that his petition is not successive and (2) that he was deprived of the right to counsel at his sentencing.

Manley first argues that he was denied counsel at both his arraignment and his sentencing. The record on appeal from Manley's first Rule 32 petition reveals that Manley was represented by attorney Charles Law at his arraignments. Manley v. State (No. CR-03-1905), ___ So. 2d ___ (Ala.Crim.App. 2004) (table) (C. 30, 34, 38, 43, 47, 51, 55, 59, 63, 71, 75, 79, 83, 87, 91, 98, 102.)[1] Manley's contention that he was denied counsel at his sentencing hearing is raised for the first time on appeal. Nevertheless,

---

[1]This Court may take judicial notice of its own records. See Nettles v. State, 731 So. 2d 626, 629 (Ala.Crim.App. 1998).

it is clear from the record that his claim is without merit and that attorney Charles Law was present to represent Manley at each critical stage of the proceedings.  As a result, no relief is warranted concerning this claim.

Manley next alleges that the trial court was without jurisdiction to render judgment or to impose his sentence because, he says, that his theft convictions were due to be vacated because they arose from the same conduct as the burglary convictions.  This Court has held that a defendant may be convicted for both burglary and theft where the crimes arose from the same transaction. <u>Vason v. State</u>, 574 So. 2d 860, 863 (Ala.Crim.App. 1989).  Moreover, a court may sentence a defendant for burglary and theft if the sentences are made concurrent, rather than consecutive. <u>Ryan v. State</u>, 865 So. 2d 1239, 1240 (Ala.Crim.App. 2003).  Manley admits that he was sentenced to 10 years' imprisonment for each of his convictions, to be served concurrently. (C. 21.)  Therefore, this claim is without merit.

Manley also argues that the trial court was without jurisdiction to render judgment or to impose his sentence because, he says, that the burglary conviction was preempted by the indictment for burglary in the first degree.  Although Manley attempts to couch this claim as jurisdictional, it is merely a non-jurisdictional challenge to the State's evidence. As such, this claim is procedurally barred because it was not raised at his guilty plea proceeding or on direct appeal. See Rule 32.2(a)(3) and (a)(5), Ala.R.Crim.P.; <u>Shoulders v. State</u>, 703 So. 2d 1015, 1018 (Ala.Crim.App. 1997).

Lastly, Manley asserts that his guilty plea was coerced with a threat that all of his sentences and convictions would run consecutively.  This attack on the validity of his guilty pleas are nothing more than bare allegations unsupported by facts.  Thus, Manley has failed to meet his burden of pleading sufficient facts that would entitle him to relief, pursuant to Rule 32.3 and 32.6(b), Ala.R.Crim.P.  Likewise, this claim is also precluded from appellate review because Manley failed to raise this claim within the time provided in Rule 32.2(c), Ala.R.Crim.P.

If a circuit court's ruling is correct for any reason, it will be affirmed by this Court.  See <u>Waddle v. State</u>, 784 So.

2d 367, 369 n. 2 (Ala.Crim.App. 2000); <u>Long v. State</u>, 675 So.
2d 532, 533 (Ala.Crim.App. 1996).  Accordingly, the circuit
court was authorized to deny Manley's petition without an
evidentiary hearing. See <u>Tatum v. State</u>, 607 So. 2d 383, 384
(Ala.Crim.App. 1992); Rule 32.7(d), Ala.R.Crim.P.

Based on the foregoing, the judgment of the trial court
is affirmed.

**AFFIRMED.**

McMillan, P.J., and Cobb, Baschab, and Shaw, JJ., concur.