# IN THE ALABAMA COURT OF CRIMINAL APPEALS

**JOHN MANLEY v. STATE**                                                          CR-04-0570

RULE 39(K) AND RULE 40, A.R.A.P., MOTION FOR CORRECTING AND SUPPLEMENTING THE RECORD AND APPLICATION FOR REHEARING

## RULE 39(K) MOTION

FILED APR 29 2005
Rec'd 5/3/06

1. THE COURT MISAPPREHENDED MANLEY'S CLAIM THREE (3). THE CLAIM SHOULD BE APPREHENDED AS, TO WIT;

   MANLEY CLAIMS HIS BURGLARY IN THE THIRD DEGREE INDICTMENT (CC-82-205-TH) IS DUE TO BE DISMISSED FOR FAILING TO CHARGE AN OFFENSE BECAUSE BASED ON THE FACTS OF THE THEFT OF PROPERTY FIRST DEGREE INDICTMENT AND CONVICTION (CC-82-206-TH) CONCLUDES MANLEY WAS ARMED WHILE INSIDE THE BUILDING OF J. STREETER WIATT THEREFORE THE BURGLARY IN THE FIRST DEGREE STATUTE PREEMPTS HIS BURGLARY IN THE THIRD DEGREE INDICTMENT AND CONVICTION. C.R.28.

2. SINCE THIS COURT ACKNOWLEDGED IT TOOK JUDICIAL NOTICE OF ITS OWN RECORDS. MANLEY DESIRES TO SUPPLEMENT THE RECORD WITH COPIES OF THE CASE ACTION SUMMARIES AND INDICTMENTS OF EACH CASE THAT IS ALSO RECORDS OF THE COURT OF CRIMINAL APPEALS FOR THE SAME TO BE REVIEWED BY THE ALABAMA SUPREME COURT FOR CERTIORARI REVIEW. SEE RULE 26.9 (C) (4), A.R.CR.P.

THE CLERKS RECORD AND COURT RULE SUPPORTS MANLEY'S MOTION FOR CORRECTING AND SUPPLEMENTING THE RECORD. FOR THESE REASONS MANLEY'S RULE 39(K) MOTION IS DUE TO BE GRANTED.

EXHIBIT K

## APPLICATION FOR REHEARING

1. MANLEY MAINTAINS HIS CLAIMS. MANLEY DESERVES A REHEARING ON THE ISSUE HE WAS DEPRIVED OF HIS RIGHT TO COUNSEL AT ARRAIGNMENT AND SENTENCING BECAUSE THE CASE ACTION SUMMARY SHEETS DO NOT RECORD AND ARRAIGNMENT AND DO NOT RECORD MANLEY HAD COUNSEL ON 3-19-82 DURING SENTENCING, A DIFFERENT DATE THAN 2-25-82 THE ENTRY DATE OF HIS PLEA OF GUILTY.

2. MANLEY DESERVES A REHEARING ON THE ISSUE HIS T.O.P. CONVICTIONS IS DUE TO BE VACATED BECAUSE IT IS THE SAME PROPERTY INTENDED AND STOLEN FROM THE CONCURRENT BURGLARIES BECAUSE THEFT OF PROPERTY IS A (LESSER) OR INCLUDED OFFENSE OF BURGLARY JUST AS THEFT OF PROPERTY IS A (LESSER) OR INCLUDED OFFENSE OF ROBBERY WHEN A BURGLARY INDICTMENT CHARGES THE INTENDED FELONY IS THEFT.

3. MANLEY DESERVES A REHEARING ON THE ISSUE THAT HIS BURGLARY IN THE THIRD DEGREE INDICTMENT FAILED TO CHARGE AN OFFENSE BECAUSE IT IS PREEMPTED BY THE CONCURRENT THEFT OF PROPERTY INDICTMENT, BECAUSE THE GRAND JURY CANNOT FIND YOU ARE ARMED FOR ONE INDICTMENT AND FIND YOU ARE NOT ARMED FOR ANOTHER INVOLVING THE SAME TRANSACTION OF CRIME AND THE ACCUSED BE CONVICTED OF BOTH OFFENSES.

## CONCLUSION

FOR THESE REASONS, MANLEY'S CLAIMS ARE JURISDICTIONAL AND NOT PRECLUDED. MANLEY DESERVES A REHEARING BECAUSE THE EVIDENCE SUPORTS HIS CONTENTIONS.

## CERTIFICATE OF SERVICE

MANLEY DOES HEREBY CERTIFY ON THIS __29th__ DAY OF __APRIL__, IN 2005, HE SERVED TWO COPIES OF THE FORGOING UPON THE APPELLATE COURT CLERK FOR HIM TO PLACE A COPY OF THE SAME INTO THE ATTORNEY GENERAL'S MAILBOX.

RESPECTFULLY SUBMITTED,

_____
JOHN W. MANLEY, #128194
1000 ST. CLAIR RD.   R-1-116
SPRINGVILLE, AL   35146-5582