# IN THE ALABAMA SUPREME COURT

S.C. NO._____

JOHN MANLEY,
APPELLANT / PETITIONER, PRO SE,

VERSUS

STATE OF ALABAMA,
RESPONDENT / APPELLEE.

# PETITION FOR WRIT OF CERTIORARI

TO THE SUPREME COURT OF ALABAMA:

COMES YOUR PETITIONER MANLEY AND PETITIONS THIS COURT FOR A WRIT OF CERTIORARI TO ISSUE TO THE COURT OF CRIMINAL APPEALS IN THE ABOVE STYLED CAUSE UNDER RULE 39, A.R.A.P., AND SHOWS THE FOLLOWING:

1.) MANLEY SUFFERED A JUDGMENT IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA ON DECEMBER 09, 2004. THE COURT OF CRIMINAL APPEALS AFFIRMED THE JUDGMENT ON APRIL 22, 2005. AN APPLICATION FOR REHEARING WAS FILED ON _____, 2005 AND OVERRULED ON MAY 13, 2005.

2.) A COPY OF THE OPINION OF THE APPELLATE COURT IS ATTACHED TO THIS PETITION WHICH SHOWS THE COURT OF CRIMINAL APPEALS CASE


EXHIBIT m

TO BE NO. CR-04-0570. ADDITIONALLY COPIES OF THE CIRCUIT COURTS RECORDS ARE ATTACHED HERETO.

3.) THE BASIS FOR THIS PETITION FOR THE WRIT IS THAT A MATERIAL QUESTION REQUIRING DECISION WAS ONE OF FIRST IMPRESION IN THE APPELLATE COURTS OF ALABAMA AND WAS INCORRECTLY DECIDED. THE ISSUES IS WHETHER THE APPELLATE COURT ERRED IN HOLDING THAT...

   A.) MANLEY FIRST ARGUES THAT HE WAS DENIED COUNSEL AT BOTH HIS ARRAIGNMENT AND HIS SENTENCING. THE RECORD ON APPEAL FROM MANLEY'S FIRST RULE 32 PETITION REVEALS THAT MANLEY WAS REPRESENTED BY ATTORNEY CHARLES LAW AT HIS ARRAIGNMENTS. MANLEY'S CONTENTION THAT HE WAS DENIED COUNSEL AT HIS SENTENCING HEARING IS RAISED FOR THE FIRST TIME ON APPEAL. NEVERTHELESS, IT IS CLEAR FROM THE RECORD THAT HIS CLAIM IS WITHOUT MERIT AND THAT ATTORNEY CHARLES LAW WAS PRESENT TO REPRESENT MANLEY AT EACH CRITICAL STAGE OF THE PROCEEDINGS. AS A RESULT, NO RELIEF IS WARRANTED CONCERNING THIS CLAIM.

   B.) MANLEY NEXT ALLEGES THAT THE TRIAL COURT WAS WITHOUT JURISDICTION TO RENDER JUDGMENT OR TO IMPOSE SENTENCE BECAUSE, HE SAYS, THAT HIS THEFT CONVICTIONS WERE DUE TO BE VACATED BECAUSE THEY AROSE FROM THE SAME CONDUCT AS THE BURGLARY CONVICTIONS. THIS COURT HAS HELD THAT A DEFENDANT MAY BE CONVICTED FOR BOTH BURGLARY AND THEFT WHERE THE CRIMES AROSE FROM THE SAME TRANSACTION. THEREFORE, THIS CLAIM IS WITHOUT MERIT.

C.) MANLEY ALSO ARGUES THAT THE TRIAL COURT WAS WITHOUT JURISDICTION TO RENDER JUDGMENT OR TO IMPOSE HIS SENTENCE BECAUSE, HE SAYS, THAT THE BURGLARY CONVICTION WAS PREEMPTED BY THE INDICTMENT FOR (sic) BURGLARY (Theft) IN THE FIRST DEGREE. ALTHOUGH MANLEY ATTEMPTS TO COUCH THIS CLAIM AS JURISDICTIONAL, IT IS MERELY A NON-JURISDICTIONAL CHALLENGE TO THE STATE'S EVIDENCE. AS SUCH THIS CLAIM IS PROCEDUALLY BARRED BECAUSE IT WAS NOT RAISED AT HIS GUILTY PLEA PROCEEDING OR ON DIRECT APPEAL.

## CONCLUSION

PETITIONER RESPECTFULLY REQUESTS THAT AFTER A PRELIMINARY EXAMINATION, THE WRIT OF CERTIORARI BE GRANTED AND THAT THIS COURT PROCED UNDER ITS RULES TO REVIEW THE MATTERS COMPLAINED OF, AND TO REVERSE THE JUDGMENT OF THE COURT OF CRIMINAL APPEALS, AND FOR SUCH OTHER RELIEF AS PETITIONER MAY BE ENTITLED.

## CERTIFICATE OF SERVICE

MANLEY DOES HEREBY CERTIFY ON THIS 25th DAY OF MAY IN 2005, HE SERVED A COPY OF THE FORGOING PETITION AND BRIEF ON THE ATTORNEY GENERAL AND THE COURT OF CRIMINAL APPEALS BY PROPERLY ADDRESSING AND PLACING THE SAME FIRST CLASS POSTAGE PREPAID IN THE U.S. MAIL, VIA., INSTITUTIONAL MAIL CLERK.

      RESPECTFULLY SUBMITTED,

      _____
      JOHN W. MANLEY, #128194
      1000 St. CLAIR RD.   R-1-116
      SPRINGVILLE, ALABAMA
      USA   35146-5582

**BRIEF AND ARGUMENT OF**
**MANLEY ATTTACHED HERETO**

## BRIEF AND ARGUMENT OF MANLEY

A.) MANLEY ARGUES HIS CLAIM IS NOT WITHOUT MERIT AND RELIEF IS WARRANTED BECAUSE ON THE FACE OF EACH OF THE CASE ACTION SUMMARY SHEETS REFLECTS NO DATE OF ARRAIGNMENT FOR MANLEY TO BE PRESENT WITH COUNSEL DURING ARRAIGNMENT AND THE RECORD REFLECTS MANLEY'S SENTENCING FOR EACH CASE TOOK PLACE ON A DIFFERENT DATE THAN THE DATE OF HIS PLEA OF GUILT TO EACH CHARGE. AND THE NOTATIONS ON THE CASE ACTION SUMMARY SHEETS WHOLLY FAILS TO REFLECT COUNSEL WAS PRESENT WITH MANLEY DURING HIS ALLOCUTION AND SENTENCINGS. FOR THIS REASON THERE CAN BE NO PRESUMPTION THAT MANLEY HAD CONTINIOUS REPRESENTATION OF COUNSEL FROM ARRAIGNMENT TO SENTENCING. WHILE IT MAY BE POSSIBLE TO WAIVE ARRAIGNMENT, THE RECORD WHOLLY FAILS TO REFLECT ARRAIGNMENT WAS PROPERLY WAIVED. MANLEY DID NOT WAIVE SENTENCING BECAUSE THE CASE ACTION SUMMARY REFLECTS HIS PRESENCE BUT WITHOUT COUNSEL. MANLEY ASSERTS THERE CAN BE NO POSITIVE-PRESUMPTION WHEN THE RECORD CLEARLY BREAKS A CHAIN OF CONTINIOUS REPRESENTATION OF COUNSEL AT CRITICAL PROCEEDINGS.

B.) MANLEY ARGUES HIS CLAIM IS NOT WITHOUT MERIT AND HE IS DUE RELIEF OF EACH OF THE THEFT CONVICTIONS UNDER 15-3-8 CODE OF ALABAMA BECAUSE EACH THEFT CONVICTION IS AN ELEMENT OVERLAPPING INTO EACH BURGLARY CONVICTION OF THE SAME PERSON AND PROPERTY. MANLEY ASSERTS <u>BLOCKBURGER v. UNITED STATES</u>, 284 U.S. 299 (1932) CONFLICTS WITH <u>15-3-8</u> ALABAMA CODE 1975 AND IS NOT THE PROPER STANDARD OF REVIEW FOR DETERMINING

    THIS QUESTION. MANLEY ASSERTS <u>15-3-8</u> IS THE PROPER STANDARD OF REVIEW, THAT IS, STRICTLY ALABAMA LEGISLATIVE STANDARDS THAT IS SEPARATE STANDARDS THAT <u>13A-1-8 (b)</u>, ALABAMA CRIMINAL CODE 1975 AND <u>BLOCKBURGER</u>, SUPRA. MANLEY ADMITS THEFT AND BURGLARY UNDER ARE DISTINCT OFFENSES UNDER THE STANDARD OF <u>BLOCKBURGER</u> BUT UNDER ALABAMA LEGISLATIVE LAW <u>15-3-8</u> THE BLEGLARY CONVICTION BARS THE THEFT CONVICTIONS. THUS <u>BLOCKBURGER</u> AND <u>13A-1-8 (b)</u> ARE INAPPLICABLE TO THIS CLAIM. FURTHERMORE, <u>VASON v. STATE</u>, 574 So.2d 860 (ALA. CRIM. APP. 1989) AND <u>RYAN v. STATE</u>, 865 So.2d 1239 (ALA. CRIM. APP. 2003) ARE INAPPLICABLE TO MANLEY'S CLAIM BECAUSE THEY WERE DECIDED MANY YEARS AFTER MANLEY'S CONVICTIONS THE COURT OF CRIMINAL APPEALS ERRED IN NOT FOLLOWING THEIR OWN RULE OF LAW.

> ***"MATTERS WHICH ARE JURISDICTIONAL OR SUBSTANTIVE IN NATURE ARE GOVERNED BY LAW APPLICABLE AT TIME OF OFFENSE ABSENT CLEAR EXPRESSION IN STATUTE OR RULE TO THE CONTRARY." <u>BIGHAMES v. STATE</u>, 462 So.2d 796.***

B.)    MANLEY ARGUES THIS CLAIM IS JURISDICTIONAL AND IT IS NOT PROCEDURALLY BARRED BECAUSE IT IS NOT A CHALLENGE TO THE STATE'S EVIDENCE. MANLEY PLED GUILTY TO BOTH BURGLARY AND THEFT OF PROPERTY FROM THE SAME VICTIM, TO WIT; J. STREETER WIATT (CC-82-205-TH AND CC-82-206-TH) THE THEFT INDICTMENT LANGUAGE INCLUDES MANLEY STOLE A SHOTGUN THUS THIS MAKES HIM ARMED DURING THE TRANSACTION OF BURGLARY THEREFORE HIS BURGLARY IN THE THIRD DEGREE INDICTMENT SHOULD BE DISMISSED FOR CHARGING THE WRONG OFFENSE. THIS CLAIM MUST BE A VALID JURISDICTIONAL CLAIM BECAUSE THESE ARE INDICTMENT FACTS CONFLICTING WITH INDICTMENT FACTS BECAUSE A GUILTY PLEA IS AN ADMISSION OF ALL THE ELEMENTS OF A FORMAL

CRIMINAL CHARGE. SEE <u>BOYKIN v. ALABAMA</u>, 395 U.S. 238, 23 L.Ed 2d 274. 89 S. Ct. 1709. THUS MANLEY CANNOT ACKNOWLEDGE HE HAD A SHOTGUN AND ALSO NOT ACKNOWLEDGE HE DID NOT HAVE A SHOTGUN DURING THE SAME TRANSACTION. FOR THIS REASON MANLEY'S BURGLARY INDICTMENT IS DUE TO BE VACATED.

## CONCLUSION

WHEREFORE, BASED ON THE ABOVE MANLEY PRAYS THIS COURT GRANT CERTIORIORI REVIEW.

RESPECTFULLY SUBMITTED,

JOHN W. MANLEY, #128194
1000 St. CLAIR RD.   R-1-116
SPRINGVILLE, ALABAMA
USA   35146-5582