IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN MANLEY #128194, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CASE NO. 2:06-CV-0038-WKW |
| | ) |
| RALPH HOOKS, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**O R D E R**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by John Manley ["Manley"], a state inmate, on December 27, 2005. In this petition, Manley challenges 1982 convictions and sentences for first degree burglary (2 counts), second degree theft of property (8 counts) and third degree burglary (6 counts) imposed upon him by the Circuit Court of Montgomery County, Alabama. These conviction became final by operation of law in April of 1982.

In accordance with the orders of this court, the respondents filed an answer in which they argue that the petition for habeas corpus relief is barred by the limitation period applicable to 28 U.S.C. § 2254 petitions, *see* 28 U.S.C. § 2244(d)(1),[1] as Manley failed to file the petition within the one-year "grace period" allowed in this Circuit. Specifically, the governing case law establishes that because Manley's burglary and theft convictions

---

[1] 1. The Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") added the limitation period and became effective on April 24, 1996.

became final in 1982, well before the effective date of the AEDPA, he had until April 24, 1997 in which to file a § 2254 petition as he filed no state post-conviction petition challenging his convictions during the running of the limitation period. *See Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998); *Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998). Although Manley filed state post-conviction actions in May of 2004 and October of 2004, these actions had no effect on the limitation period as Manley filed the petitions after expiration of the limitation period and such actions therefore failed to be "pending" during the requisite time period as required by the provisions of 28 U.S.C. § 2244(d)(2) for tolling purposes. *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003); *Tinker v. Moore*, 255 F.3d 1331, 1333-1335 n.4 (11th Cir. 2001); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000). Thus, the respondents maintain that the present federal petition for habeas corpus relief is time barred.

Upon review of the pleadings and evidentiary materials filed in this case, it is clear that Manley failed to file the instant § 2254 petition within the time allowed by the law of this Circuit. Title 28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expired. The Circuit Court of Montgomery County, pursuant to guilty pleas made by Manley, entered the challenged burglary and theft convictions in February of 1982. The trial court imposed sentence for these convictions on March 19,

1982. Manley did not file a direct appeal. In light of the foregoing and by operation of law, the burglary and theft convictions became final on April 20, 1982 -- forty-two days after imposition of sentence as this is the date on which Manley's time to seek direct review expired. *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*. The burglary and theft convictions therefore became final prior to enactment of the AEDPA. If this court retroactively applied the AEDPA, the one-year limitation period contained in section 2244(d)(1)(A) would have expired on Manley's conviction in 1983. However, the Eleventh Circuit has held that "application of the one-year time bar in 28 U.S.C. § 2244(d) to petitions of prisoners, like [Manley], whose convictions became final long prior to the effective date of the AEDPA . . . 'would be unfair, and impermissibly retroactive.' [*Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998)]." *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998). The Court further determined that prisoners in this position must be allowed a reasonable period of time after enactment of § 2244(d)'s one-year period of limitation to file their § 2254 petitions, and determined that "a reasonable time" is until April 24, 1997 -- "one year from the AEDPA's effective date." *Id*.

As previously noted, Manley's burglary and theft convictions became final in April of 1982. The applicable limitation period therefore began to run on April 24, 1996 upon enactment of the AEDPA and ran uninterrupted until its expiration. The law provides that "[t]he time during which a properly filed application for State post-conviction or other

collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." 28 U.S.C. § 2244(d)(2). The record demonstrates that Manley filed two state post-conviction petitions under Rule 32, *Alabama Rules of Criminal Procedure* -- the first on May 13, 2004 and the second on October 4, 2004 -- these actions did not toll the one-year period of limitation applicable to the instant action as they were filed after the one-year period of limitation had expired. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000) ("[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."); *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("The plain language of the statute provides for tolling '[t]he time during which a properly filed application for State post-conviction or other collateral review ... is pending.' 28 U.S.C. § 2244(d)(2). While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired. In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired."); *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."). In light of the foregoing, the court concludes that the tolling provision provided

in § 2244(d)(2) is unavailing and the time allowed petitioner for the filing of a federal habeas petition expired on April 24, 1997.

Manley filed the instant habeas petition on December 27, 2005. Under the circumstances of this case as outlined in this order, the reasonable time period afforded Manley under *Goodman* and *Wilcox* to file a federal application for habeas corpus relief expired over eight (8) years prior to Manley filing this habeas action. Accordingly, it is

ORDERED that on before March 27, 2006 Manley shall show cause why the instant petition for habeas corpus relief should not be dismissed as it was not filed within the requisite reasonable time period after enactment of the AEDPA.

Done this 7th day of March, 2006.

/s/ Vanzetta Penn McPherson
UNITED STATES MAGISTRATE JUDGE