IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHN MANLEY, #128194, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:06-CV-38-WKW |
| | ) | [WO] |
| RALPH HOOKS, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

## I. INTRODUCTION AND PROCEDURAL HISTORY

This case is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief

filed by John Manley ["Manley"], a state inmate, on December 27, 2005.[1]  In this petition,

Manley challenges convictions and sentences for first degree burglary (2 counts), second

degree theft of property (8 counts) and third degree burglary (6 counts) imposed upon him

by the Circuit Court of Montgomery County, Alabama in 1982.  Manley did not appeal  his

burglary and theft convictions.  Thus, these convictions became final by operation of law

---

[1] Although the Clerk stamped the present petition "filed" on January 17, 2006, Manley certified that he executed the petition on December 27, 2005.  Thus, this is the earliest date Manley could have deposited the petition in the prison mail system for transmission to this court. The law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant habeas petition] was delivered to prison authorities the day [Manley] signed it...." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  In light of the foregoing, the court considers December 27, 2005 as the date of filing.

in April of 1982.

Pursuant to the orders of this court, the respondents filed an answer in which they argue that the instant federal habeas petition is barred by the limitation period applicable to 28 U.S.C. § 2254 petitions as Manley failed to file his petition within the grace period adopted by the Eleventh Circuit.[2]  Specifically, the respondents maintain that because the challenged convictions became final in 1982, before the effective date of the AEDPA, and Manley filed no state post-conviction petition challenging these convictions during the running of the relevant period of limitation Manley had until April 24, 1997 in which to file a § 2254 petition. *Respondents' Answer - Court Doc. No. 11* at 9; *Wilcox*, 158 F.3d at 1211; *Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998).  Although Manley filed state post-conviction actions pursuant to Rule 32 of the Alabama Rules of Criminal Procedure in May of 2004 and October of 2004, these actions had no affect on the running of the federal limitation period as Manley filed the petitions after expiration of the limitation period and such actions therefore were not "pending" during the requisite time period which is required by the provisions of 28 U.S.C. § 2244(d)(2) to warrant tolling. *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003); *Tinker v. Moore*, 255 F.3d

---

[2]The Anti-Terrorism and Effective Death Penalty Act [the "AEDPA"] sets forth a one-year period of limitation applicable to the filing of federal habeas petitions.  This Act became effective on April 24, 1996.  The Eleventh Circuit, however, adopted a "grace period" for petitioners whose convictions became final prior to enactment of the AEDPA which allows such persons a reasonable time of "one year from the AEDPA's effective date"-- April 24, 1997 -- to file a federal habeas petition. *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998).

1331, 1333-1335 n.4 (11th Cir. 2001); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000).   Hence, the respondents maintain that Manley did not timely file the instant § 2254 petition as the federal limitation period expired on April 24, 1997.

In light of the foregoing, the court entered an order advising Manley that he had failed to file his federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1) and the law of this Circuit.   *Order of March 7, 2006 - Court Doc. No. 12* at 2-5.   This order also provided Manley an opportunity to show cause why his habeas petition should not be barred from review by this court as untimely filed. Manley failed to file a response to this order.[3]

## II.  DISCUSSION

The Anti-Terrorism and Effective Death Penalty Act of 1996 became effective on April 24, 1996 and amended the habeas corpus statute to include a one-year period of limitation on petitions filed pursuant to 28 U.S.C. § 2254.   This limitation period is codified at 28 U.S.C. § 2244(d) and provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of –
> 
> (A) the  date  on  which  the  judgment  became  final  by  the

---

[3]The notice filed by Manley on April 18, 2007 (Court Doc. No. 13) merely requests a ruling by the court on his petition.

conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute clearly directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run at the conclusion of direct review or upon expiration of the time for seeking direct review, whichever is later. Where a petitioner preserves his right to file a petition for writ of certiorari in the United States Supreme Court, the statute of limitations is tolled during the ninety-day period in which such action may be undertaken. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."). Accordingly, a state court judgment of conviction becomes final under 28 U.S.C. § 2244 when the Supreme Court denies certiorari

4

or the time to apply for certiorari expires. *Id.*

The Circuit Court of Montgomery County, pursuant to Manley's guilty pleas, imposed the challenged burglary and theft convictions upon Manley in February of 1982. The trial court sentenced Manley for these convictions on March 19, 1982. Manley did not file a direct appeal. In light of the foregoing and by operation of law, the burglary and theft convictions became final on April 20, 1982 -- forty-two days after imposition of sentence as this is the date on which Manley's time to seek direct review expired. *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*. The burglary and theft convictions therefore became final prior to enactment of the AEDPA. If this court retroactively applied the AEDPA, the one-year limitation period contained in section 2244(d)(1)(A) would have expired on Manley's convictions in 1983. However, the Eleventh Circuit has held that "application of the one-year time bar in 28 U.S.C. § 2244(d) to petitions of prisoners, like [Manley], whose convictions became final long prior to the effective date of the AEDPA ... 'would be unfair, and impermissibly retroactive.' [*Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998)]." *Wilcox*, 158 F.3d at 1211. The Court further determined that prisoners in this position must be allowed a reasonable period of time after enactment of § 2244(d)'s one-year period of limitation to file a § 2254 petition and noted "a reasonable time" is until April 24, 1997 -- "one year from the AEDPA's effective date." *Id*.

### A.  Equitable Tolling

Case law directs that the limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield,* 292 F.3d 709, 711 (11th Cir. 2002).  Such tolling applies only in truly extraordinary circumstances.  *Jones v. United States,* 304 F.3d 1035, 1039-40 (11th Cir. 2002); *Drew v. Department of Corrections,* 297 F.3d 1278, 1286 (11th Cir. 2002).  "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner."  *Drew*, 297 F.3d at 1286; *see also Helton v. Secretary  for the Dept. of Corrections*, 259 F.3d 1310, 1314 (11th Cir. 2001).  Manley has presented no circumstances, extraordinary or otherwise, which entitle him to equitable tolling of the limitation period.

### B.  Statutory Tolling

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."  The record demonstrates that Manley filed two state post-conviction petitions under Rule 32, *Alabama Rules of Criminal Procedure*, on May 13, 2004 and

October 4, 2004.  These actions, however, did not toll the one-year period of limitation applicable to the instant federal petition as they were filed after the one-year period of limitation had expired.  *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000) ("[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period.  A state court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."); *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("The plain language of the statute provides for tolling '[t]he time during which a properly filed application for State post-conviction or other collateral review ... is pending.' 28 U.S.C. § 2244(d)(2).  While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired.  In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired."); *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period.").  The tolling provision provided in § 2244(d)(2) is therefore unavailing.

## C. Expiration of the Limitation Period

Based on the foregoing analysis, the court concludes that Manley has failed to

establish any basis for either equitable or statutory tolling of the period of limitation. Manley filed the instant petition for federal habeas corpus relief on December 27, 2005. Under the undisputed facts and circumstances of this case, the time allowed Manley for filing a federal habeas petition expired on April 24, 1997. The limitation period therefore lapsed over eight years prior to Manley filing this federal habeas action and Manley has failed to demonstrate why his petition should not be dismissed as untimely filed.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The petition for habeas corpus relief filed by John Manley be denied as it was not filed within the applicable period of limitation established by the law of this Circuit.

2.  This case be dismissed with prejudice.

It is further

ORDERED that on or before March 17, 2008 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the

Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 3rd day of March, 2008.


/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

9